**Mrs. Bernard J. (Alice R.) Demag, Sr., Administratrix of the Estate of Bernard J. Demag, Sr. v. American Insurance Companies and Chittenden County**

[508 A.2d 697]

No. 83-488

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 28, 1986

---

*Robert E. Manchester* and *Geoffrey W. Crawford* of *Manchester & O'Neil, P.C.*, Burlington, for Plaintiff-Appellant.

*Lisa Chalidze* of *Dick, Hackel & Hull*, Rutland, for Defendant-Appellee American Insurance Companies.

*Kohn & Rath*, Hinesburg, for amicus curiae Longway.

**Hayes, J.** Plaintiff, appellant herein, is the widow of Bernard J. Demag, Sr., and the administratrix of his estate. She brought a three-count complaint in the superior court against Chittenden County as her late husband's employer, and against American Insurance Company, the County's workers' compensation insurer. Count I of her complaint is a petition for declaratory relief, alleging that plaintiff is entitled to recover from defendants certain death benefits under the Workers' Compensation Act, 21 V.S.A. §§ 601-709. Counts II and III allege the tort of intentional infliction of emotional distress against American Insurance and demand punitive damages. The trial judge dismissed plaintiff's complaint for lack of subject matter jurisdiction and from that ruling plaintiff appeals.

Two issues are presented for our determination. The first is whether declaratory relief is an appropriate remedy in workers' compensation disputes presenting issues of law when administrative relief is available. The second is whether the superior court has original jurisdiction over counts II and III, dealing with the alleged tort of intentional infliction of emotional distress. We af-

firm the dismissal of count I of plaintiff's complaint and reverse the dismissal of counts II and III.

## I.

Plaintiff did not initiate proceedings before the Commissioner of Labor and Industry seeking death benefits. She contends that both the Workers' Compensation Act, 21 V.S.A. §§ 601-709, and the Vermont Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725, provide for the resolution of legal issues by the courts independently of the submission of claims to the Commissioner of Labor and Industry. We disagree. The lower court correctly held that the superior court has no jurisdiction to hear plaintiff's petition for declaratory judgment because plaintiff failed to avail herself of the administrative remedy provided by the Workers' Compensation Act.

The rights and remedies granted by the Workers' Compensation Act "exclude all other rights and remedies . . . at common law or otherwise on account of . . . injury." 21 V.S.A. § 622. The Act itself contains the procedures for enforcement of those rights and remedies. When agreement is not reached by the interested parties, questions "shall be determined, except as otherwise provided, by the commissioner." 21 V.S.A. § 606. Superior court jurisdiction is "limited to a review of questions of fact or questions of fact and law certified to it by the commissioner . . . ." 21 V.S.A. § 671. The Supreme Court has appellate jurisdiction over questions of law. 21 V.S.A. § 672.

Plaintiff argues that the language "except as otherwise provided," found in 21 V.S.A. § 606, gives an aggrieved party the option of pursuing a claim through the Declaratory Judgments Act. We disagree. The Declaratory Judgments Act has not increased or enlarged the jurisdiction of the superior court. *Murray v. Cartmell's Executor*, 118 Vt. 178, 180, 102 A.2d 853, 855 (1954). "Where the Legislature has provided that certain rights . . . are enforceable in specified tribunals . . . , the declaratory judgments vehicle should not be used to frustrate that legislative choice." *Trivento v. Commissioner of Corrections*, 135 Vt. 475, 478, 380 A.2d 69, 71-72 (1977). The Declaratory Judgments Act cannot be used to circumvent the statutory remedy provided in the Workers' Compensation Act.

## II.

The next matter for our consideration is whether the superior court erred in dismissing counts II and III, plaintiff's tort claims alleging intentional infliction of emotional distress, for lack of subject matter jurisdiction. Appellant contends that the Commissioner of Labor and Industry has no jurisdiction over these claims and that the superior court is the proper forum having original jurisdiction. We agree. Plaintiff's tort claims arise under common law, not under the Workers' Compensation Act, which contains no remedy for alleged insurance carrier misconduct or for alleged intentional infliction of emotional distress by the carrier.

In *Sheltra* v. *Smith*, 136 Vt. 472, 475, 392 A.2d 431, 432 (1978), we recognized the tort of intentional infliction of emotional distress as described by section 46 of the Restatement (Second) of Torts (1965). A plaintiff has a heavy burden to make out a case of outrageous conduct. The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46, Comment d (1965).

Plaintiff's tort actions in this case do not arise out of her husband's employment, but rather stem from her status as a claimant seeking compensation after her husband's death. Thus, Mrs. Demag's claims have only a tenuous connection to the injury that is the focus of the workers' compensation claim. The alleged conduct complained of is in the nature of a mental assault, rather than a mere failure to pay compensation. The conduct constituting the tort of intentional infliction of emotional distress cannot reasonably be considered to be within the scope of the Workers' Compensation Act. It follows that the superior court is a proper forum with original jurisdiction when a carrier's conduct goes beyond simple failure to pay and constitutes intent to cause severe emotional distress.

*Affirmed in part and reversed in part and remanded for proceedings not inconsistent with this opinion. The trial court is authorized to stay a determination of plaintiff's tort actions pending a final resolution of proceedings, if any, before the Com-*

*missioner of Labor and Industry involving plaintiff's claim for death benefits.*