# Hannaford Brothers Company v. Vermont Department of Taxes

[547 A.2d 1353]

No. 86-459

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 6, 1988

*James W. Coffrin* of *Pierson, Affolter & Wadhams*, Burlington, for Plaintiff-Appellant.

*Mary L. Bachman, Assistant Attorney General*, Montpelier, for Defendant-Appellee.

**Allen, C.J.** Hannaford Brothers Company (Hannaford) is a Maine corporation engaged in the supermarket business. It owns supermarkets in Vermont and throughout New England. Hannaford uses preprinted advertising supplements, inserted into newspapers and also available to customers separately, to advertise its products and prices. The Vermont Department of Taxes assessed sales and use taxes, pursuant to 32 V.S.A. §§ 9771(3) and 9773(3), on the cost to Hannaford of the printing of the supplements dis-

tributed in Vermont. Hannaford appealed to the Commissioner of Taxes (Commissioner), on the ground that the supplements inserted into newspapers for distribution were exempt from taxation as "an ingredient or component part" of newspapers under 32 V.S.A. § 9741(15). The Commissioner denied Hannaford's exemption. Hannaford then appealed to the Washington Superior Court, which affirmed the Commissioner's decision. We affirm the decision of the superior court.

Hannaford contracts with independent printers to print the advertising supplements. The printer then delivers the supplements either to the newspapers or to Hannaford, or Hannaford picks them up. Hannaford then contracts with the newspapers to insert most of the supplements. Approximately 8% of the supplements are distributed by means other than newspapers. Some are mailed directly to customers and some are available at Hannaford's stores.

The statute at issue provides in pertinent part:

> Receipts from the following shall be exempt from the tax on retail sales imposed under section 9771 of this title and the use tax imposed under section 9773 of this title.
>
> . . . .
>
> (15) Sales of newspapers and sales of tangible personal property which becomes an ingredient or component part of or is consumed or destroyed, or loses its identity in the manufacture of newspapers, whether sold or distributed without charge.

32 V.S.A. § 9741. On appeal, Hannaford renews its contention that its preprinted advertising supplements are component parts of the newspapers into which they are inserted and are therefore exempt from taxation under 32 V.S.A. § 9741(15).

In construing this statute, we note that the states are split on whether or not such inserts should be exempt from sales and use taxes, as component parts of newspapers. See *K Mart Corp.* v. *South Dakota Dep't of Revenue*, 345 N.W.2d 55, 57 (S.D. 1984). "Some jurisdictions have held that advertising supplements are an integral part of a newspaper and as such are entitled to the same exemption from sales or use tax as is the remainder of the newspaper." *Id.* Those courts have relied on the broad definition of "newspaper" in *Friedman's Express, Inc.* v. *Mirror Transp.*

*Co.*, 71 F. Supp. 991 (D.N.J. 1947), *aff'd*, 169 F.2d 504 (3d Cir. 1948): a "melange" of sections containing news, features, special columns, advertising and comics. *Id.* at 991-92. In that case, the court concluded that the separately printed comics were "newspapers" for the purposes of the Interstate Commerce Act. "Each section is thus an integral part of the newspaper, made so not because it is physically folded in a news section, but because it has assumed the character of the journal of which it is a part . . . ." *Id.* at 992.

Other jurisdictions have found that advertising supplements do not become integral parts of the newspaper into which they are inserted. Instead, those states find that the supplements are finished products at the time they are inserted and do not take on the character of the newspapers. Those courts conclude that advertisers use newspapers only as a means for distributing their inserts. See, e.g., *Caldor, Inc.* v. *Heffernan*, 183 Conn. 566, 574, 440 A.2d 767, 771 (1981).

On the facts before us, we find the latter line of cases more persuasive and consistent with the rule of construing exemptions narrowly. See *In re Abbey Church*, 145 Vt. 227, 229, 485 A.2d 1263, 1264 (1984). Hannaford's inserts are finished products at the time they arrive at the newspapers. This is shown by the fact that some inserts are distributed separately, either through the mail or at Hannaford's stores. They are not printed solely for distribution in newspapers. Cf. *Eagerton* v. *Dixie Color Printing Corp.*, 421 So. 2d 1251, 1254 (Ala. 1982) (supplements printed solely to be inserted into and distributed with newspapers become integral part of newspapers and thus exempt from taxation); *Daily Record Co.* v. *James*, 629 S.W.2d 348, 351-52 (Mo. 1982) (same).

Furthermore, the rationale of *Friedman's Express, Inc.*, 71 F. Supp. at 992, that comics sections are integral parts of newspapers, is inapplicable to the advertising supplements at issue here. Comics sections contribute to the character of a newspaper and often command their own loyal following. *Caldor*, 183 Conn. at 574, 440 A.2d at 771. Preprinted supplements, on the other hand, are not regular features, *Ragland* v. *K-Mart Corp.*, 274 Ark. 297, 300, 624 S.W.2d 430, 432 (1981), and are not indexed as special sections of the paper. *In re K-Mart Corp.*, 238 Kan. 393, 402, 710 P.2d 1304, 1311 (1985) (Herd, J., dissenting). Thus, the superior court correctly determined that Hannaford's preprinted advertis-

ing inserts are not "components" of newspapers, and, therefore, they are subject to taxation.

*Affirmed.*