**Kevin McLaughlin, Sheriff of Chittenden County, and Chittenden County Sheriff's Department v. State of Vermont and the Office of the Attorney General of the State of Vermont**

[642 A.2d 683]

No. 93-093

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 1, 1994

*Norman R. Blais,* Burlington, for Plaintiffs-Appellees.

*Jeffrey L. Amestoy,* Attorney General, and *Robert W. Gagnon,* Senior Assistant Attorney General, Montpelier, for Defendants-Appellants.

**Dooley, J.** This appeal originates in a declaratory judgment action brought by plaintiffs Chittenden County Sheriff Kevin McLaughlin and the Chittenden County Sheriff's Department. Plaintiffs sought an order requiring that defendants, the Attorney General and the State of Vermont, provide legal representation to plaintiffs in a pending workers' compensation action brought against plaintiffs by Alice Demag, and requiring that defendants assume any costs of award or settlement for which plaintiffs might become liable. Plaintiffs moved for summary judgment below. The court granted judgment in defendants' favor with respect to defendants' duty to provide representation to plaintiffs, but did order that defendants represent Sheriff McLaughlin's predecessor, Ronald Duell. Defendants now appeal the order to defend Duell. Plaintiffs cross-appeal the grant of summary judgment in defendants' favor. We affirm the entry of judgment against plaintiff McLaughlin. We reverse the entry of judgment against the Chittenden County Sheriff's Department and remand that issue to the trial court. Finally, we strike those parts of the trial court's order relating to Ronald Duell.

Plaintiff Chittenden County Sheriff's Department is currently a party defendant in an action brought by Alice Demag as personal representative of the estate of her late husband Bernard Demag. That action is now on appeal to the Chittenden Superior Court from a decision of the Commissioner of Labor and Industry.[1] Mrs. Demag sought recovery of workers' com-

---

[1] The appeal is titled *Demag v. Chittenden County Sheriff's Dep't,* Docket No. S1368–91CnC, and names as defendants the Chittenden County Sheriff's Department, the County of Chittenden, the State of Vermont, and American Insurance Company. Ronald Duell was recently added as a party defendant in the appeal.

pensation death benefits after her husband suffered a fatal heart attack within two hours of his chase and apprehension of an escaped juvenile whom he had been transporting. At the time of his death in January 1978, Mr. Demag was a special deputy sheriff for the Sheriff's Department. He was transporting the juvenile pursuant to an agreement between the Sheriff's Department and the State.

In 1992, after the Demag proceeding was appealed to superior court, plaintiffs in this matter brought a declaratory judgment action seeking to have defendants provide legal representation, as well as assume responsibility for paying any award or settlement amount for which the plaintiffs might become liable. Plaintiffs subsequently moved for summary judgment, arguing that 3 V.S.A. § 1101 required defendants to defend and indemnify. The motion was accompanied by an affidavit from plaintiff McLaughlin that essentially stated the allegations in the complaint. In response, defendants argued that 21 V.S.A. § 601(12)(L), which excludes sheriff's deputies from state workers' compensation coverage, controlled,[2] and required that plaintiffs' complaint be dismissed.

The superior court rejected defendants' argument, ruling that 21 V.S.A. § 601 is "relevant only to the question of whether Mr. Demag was engaged in public employment for the purposes of adjudicating his workers' compensation claim. It is not relevant to the issue of the State's duty to defend civil actions

---

According to plaintiff's complaint, there is also another proceeding pending before the Department of Labor and Industry in which Mrs. Demag is seeking to hold the Chittenden County Sheriff's Department responsible to pay workers' compensation benefits.

Yet another part of this litigation has previously come before this Court. In 1986, we held that plaintiff Demag was first required to go before the Commissioner of Labor and Industry to determine whether she was entitled to workers' compensation death benefits, and that she could not have that issue resolved by way of a declaratory judgment action before the superior court. See *Demag v. American Ins. Cos.*, 146 Vt. 608, 610, 508 A.2d 697, 698 (1986). Presumably, she followed the holding of that decision, but was unsuccessful before the Commissioner, and has since appealed the Commissioner's decision.

[2] In 1984, § 601 was amended, and subsection 12(L) was redesignated 12(N). In 1988, § 601(12)(N) was amended to provide that "public employment" included sheriffs and deputy sheriffs.

against state employees, which is the subject of 3 V.S.A. § 1101." Despite this conclusion, the court granted summary judgment in defendants' favor, and denied plaintiffs' motion for summary judgment, because Sheriff McLaughlin was not a party in the underlying workers' compensation appeal and the Chittenden County Sheriff's Department was not a state employee as required by 3 V.S.A. § 1101. On the same day as it decided the summary judgment motion, it granted Mrs. Demag permission to add Ronald Duell, former sheriff, as a party in the workers' compensation appeal. Because of that action, the court went on to state in this case that the State had an obligation to defend Ronald Duell.

We can dispose easily of two of the issues raised by the parties: (1) whether the trial court erred in granting summary judgment against Sheriff McLaughlin; and (2) whether it erred in ruling that defendants had an obligation to defend former Sheriff Duell. The court made the first ruling because Sheriff McLaughlin was not a party to the workers' compensation appeal. The statute on which plaintiffs rely, 3 V.S.A. § 1101(a), is triggered when a civil action is brought against a state employee who in turn seeks representation at state expense. Since Sheriff McLaughlin is not a party to the underlying action, the statute is inapplicable.

■ Plaintiffs argue here that Sheriff McLaughlin had standing in this action, despite not being named in the workers' compensation appeal, because he is the successor in office to Ronald Duell, who is named. Apparently, plaintiffs' theory is that Ronald Duell was named in his official capacity as former sheriff and any liability will inure to Sheriff McLaughlin as the current occupant of the office. We understand plaintiffs' argument to be that McLaughlin had standing to bring the declaratory judgment action to assert the right of Duell and the Department to representation. This argument was not raised below, and we will not consider it here. See *Northwest Vt. Solid Waste Management Dist. v. Central Vt. Solid Waste Management Dist.*, 159 Vt. 61, 65, 614 A.2d 816, 819 (1992) (Court will not consider claims first raised on appeal). Indeed, as we discuss *infra*, the question of representation of Duell was never raised in the complaint nor in the motion for summary judg-

ment. Moreover, giving Sheriff McLaughlin standing is unnecessary unless he is named in the underlying suit or Duell fails to pursue his interests. In either instance, Sheriff McLaughlin would be free to seek intervention anew upon asserting clearly the interest that gives him standing.

On the second issue, defendants argue that the court erred in granting relief to Ronald Duell because he was not a party to the action and 3 V.S.A. § 1101(a) does not apply to him. We agree that the trial court was at least premature in its action. The lone matter before the court was a motion for summary judgment filed by plaintiffs. In this context, the only questions for the court were whether a genuine issue of fact existed, *Bennett Estate v. Travelers Ins. Co.*, 138 Vt. 189, 191, 413 A.2d 1208, 1209 (1980), and the legal consequences flowing from the absence of a factual dispute. The facts before the court were the admitted sections of the complaint and a short affidavit from Sheriff McLaughlin that never mentioned Ronald Duell. There was no request for any relief with respect to Duell.

■ There are other considerations that make relief inappropriate. Ronald Duell was not a party below and has not appeared here. See 12 V.S.A. § 4721 ("no declaration shall prejudice the rights of persons not parties to the proceeding"); *Bills v. Wardsboro School Dist.*, 150 Vt. 541, 545, 554 A.2d 673, 676 (1988) (persons "who were not parties to the litigation, cannot be bound by the court's judgment"); *Graves v. Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972) (purpose of declaratory judgment is to declare "the rights of the parties"). We do not know whether he desires or needs representation at the expense of the State. Nor do we know the basis on which he was added as a party to the underlying workers' compensation appeal. That proceeding has a number of party defendants, suggesting that it involves more than a simple appeal of a coverage question.[3] Moreover, plaintiffs assert Duell was sued in his official capacity, which suggests that the right of defense, if any, is

---

[3] The earlier case before this Court involved some of the same parties and included a claim of intentional infliction of emotional distress against American Insurance. See *Demag v. American Ins. Cos.*, 146 Vt. at 609, 508 A.2d at 698.

similar to that possessed by the Department, which, as we discuss below, involves other statutes.

Because of the inadequate record, we also decline defendants' invitation to decide whether Duell could be entitled to representation under § 1101. The proper action for the court was to deny summary judgment, at least until there was an opportunity to join Duell in the action or to otherwise allow his entitlement to representation to be argued and determined. We will remand for that purpose.

This leaves only the issue of the appropriateness of summary judgment against the Chittenden County Sheriff's Department. Although the trial court noted that the "parties have not briefed the issue," it nevertheless granted summary judgment against the Department because it was not an "employee" as required by § 1101. We conclude that the court acted on an incomplete view of the statutory scheme, and, as a result, ruled prematurely and on an inadequate factual record.

■ ■  At the outset, however, we agree with the court's assessment that the Department is not an "employee" as required by 3 V.S.A. § 1101. The plain meaning of the statute commands that result. See *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335–36, 576 A.2d 450, 452 (1990) (when meaning of statute plain on its face, court will enforce statute according to its terms). That conclusion does not end the matter, however, because the Attorney General's duty of defense is much broader. A primary power and responsibility of the Attorney General is to "represent the state in all civil and criminal matters as at common law and as allowed by statute." 3 V.S.A. § 152. The Attorney General's responsibilities in this regard are expressed in 3 V.S.A. § 157, which provides:

> The attorney general shall appear for the state in the preparation and trial of all prosecutions for homicide and civil or criminal causes in which the state is a party or is interested when, in his judgment, the interests of the state so require.

This section is the basis for the Attorney General's duty as chief legal officer of the State to protect and defend it and its inter-

ests. The scope of the Attorney General's duties are further defined in a number of other statutory provisions.[4]

■ On this record, we cannot conclude that § 157 forecloses a duty of defense. The meaning of the term "state" depends upon its context. In this context, we read the term broadly to include component parts of state government. See *Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) ("a state agency *is* the state for purposes of the eleventh amendment" to United States Constitution); *State v. Brooks*, 616 P.2d 70, 73 (Ariz. Ct. App. 1980) (statute that makes embezzlement from "state" a crime covers embezzlement from "respective offices, divisions, departments and entities into which state government is divided"); *Shell Oil Co. v. Board of Comm'rs of Pontchartrain Levee Dist.*, 336 So. 2d 248, 253 (La. Ct. App. 1976) (levee district is "state" for purposes of provision on state sales of property); *Fuselier v. State*, 468 So. 2d 45, 56 (Miss. 1985) (for purposes of criminal procedure discovery obligation the term "state" covers all agencies of state); *Allis-Chalmers Mfg. Co. v. Curtis Elec. Co.*, 259 S.W.2d 918, 921 (Tex. Ct. App. 1953) ("this state" in bonding law includes state university). The main charter of the Attorney General's authority, § 152, authorizes the Attorney General to "represent the state." Since the State must act through its various agencies, departments and instrumentalities, that authority is meaningful only if it encompasses those component parts. Thus, if the Chittenden County Sheriff's Department can be said to be an agency or instrumentality of the State of Vermont, the Department will be entitled to representation under § 157.

We cannot exclude the Department from § 157 because it is a county, not state, entity. As we have noted before, "[t]he Vermont county is a unit of special functions," *Town of Stowe v. County of Lamoille*, 134 Vt. 402, 405, 362 A.2d 159, 161 (1976), and so too are the sheriffs' departments. These departments

---

[4] The office of the attorney general is defined by 3 V.S.A. §§ 151–164. Unlike other states, the powers of the Vermont Attorney General are not derived from any constitutional provisions, but are wholly statutory. Cf. *Manchin v. Browning*, 296 S.E.2d 909, 915 (W. Va. 1982) (scope of attorney general's duties "specified by the constitution and by rules of law prescribed pursuant thereto").

are headed by sheriffs who are elected by county residents, 24 V.S.A. 290, but who are nonetheless state employees. See 32 V.S.A. § 1182 (setting out sheriffs' salaries). While county sheriffs' departments provide peace officers for their communities, see 24 V.S.A. § 299, they also provide a state function in the transportation of prisoners and mental patients. See *id.* § 296. For this purpose, they employ deputies who are paid by the State. See 24 V.S.A. § 290(b). We note that "[o]ver the last twenty years, the state has become the primary source of funding for the sheriffs' departments." State of Vermont, Executive Budget—Fiscal Year 1991, at 66 (1990).

We have not had occasion to decide whether sheriff's departments are instrumentalities of the State for this or other purposes. While this issue has not been extensively litigated, other courts have recognized that a state's duty to defend could be extended to county departments or employees if the underlying activity is funded by or undertaken on behalf of the state. See *Dunne v. Fireman's Fund Am. Ins. Co.*, 353 A.2d 508, 512 (N.J. 1976) (recognizing hybrid state-county employee status of county detectives, and deeming them agents of state for purposes of obtaining and executing search warrant on behalf of county prosecutor, who is a state officer, and county employees "for certain administrative and remunerative purposes"); see also *Township of Edison v. Hyland,* 383 A.2d 714, 716 (N.J. Super. Ct. App. Div. 1978) (county prosecutor and detectives "may be considered as agents of the State for some purposes," although state has no duty to defend civil rights suit arising from duties funded by and undertaken solely on behalf of county drug task force, and not on behalf of state); cf. *Cates v. Webster,* 727 S.W.2d 901, 907 (Mo. 1987) (en banc) (no duty of attorney general to defend county court bailiff in tort action because bailiff's salary and benefits paid solely by county and therefore bailiff "not an employee of the state or an agency thereof" within meaning of representation statute). Similarly, in the context of workers' compensation claims, courts have allowed individuals to recover as employees of the state despite county affiliations. See, e.g., *County of Sonoma v. Workers' Compensation Appeals Bd.*, 272 Cal. Rptr. 297, 301–02 (Ct. App. 1990) (county municipal court judge is state employee for

purposes of workers' compensation benefit system given that state directs and controls court system, including judges, and even though bulk of judge's salary paid by county).

■ Courts have generally recognized that the duty of the attorney general's office to defend state instrumentalities such as agencies, boards and commissions, as well as state officials and employees, is to protect the public treasury from the expense of funding private attorneys. See, e.g., *State Bd. of Barber Examiners v. Walker*, 192 P.2d 723, 727 (Ariz. 1948). Equally important, however, is the recognition that the state must bear the duty and cost of representing its agencies, as well as its officers and employees, in actions arising in the course of state activity, for it is the state that derives benefit from the activity.

We recognize that § 157 gives the Attorney General some discretion in determining when to provide representation, at least when the State is interested, but is not a party. It is inappropriate for us to try to decide at this point the scope of that discretion or its applicability here.

The limited facts before the trial court indicated that Mr. Demag was transporting a juvenile under the State's care, pursuant to an agreement with the State, and his death was related to that duty. These facts raise a sufficient question as to whether his employer, the Chittenden County Sheriff's Department, was an instrumentality of the state to avoid summary judgment. We remand for consideration of this issue.

Finally, because the trial court did not address the duty of the State of Vermont to pay any award against the Chittenden County Sheriff's Department, this issue must also be addressed on remand.

*Entry of judgment against plaintiff Kevin McLaughlin is affirmed. Entry of judgment against plaintiff Chittenden County Sheriff's Department is reversed and remanded. References to the rights of Ronald Duell in the court's order of January 13, 1993 are stricken.*