## Gasoline Marketers of Vermont, Inc., et al. v. Agency of Natural Resources

[739 A.2d 1230]

No. 98-417

Present: **Amestoy, C.J., Morse, Johnson and Skoglund, JJ., and Zimmerman, D.J., Specially Assigned**

Opinion Filed August 27, 1999

---

*R. Bradford Fawley, Robert A. Miller,* and *Timothy E. Copeland* of *Downs Rachlin & Martin, PLLC*, Brattleboro, for Plaintiffs-Appellants.

*William H. Sorrell,* Attorney General, and *Ron Shems, Leslie Jones* and *Elizabeth Lord,* Assistant Attorneys General, Montpelier, for Defendants-Appellees.

**Johnson, J.** The question presented by this case is whether the Agency of Natural Resources (ANR) adequately considered the economic effect on small businesses when it promulgated regulations to control vapor emissions at gasoline pumps. Appellant Gasoline Marketers of Vermont, Inc. (GMOV) contends that the regulations are invalid under the Vermont Administrative Procedure Act (VAPA), 3 V.S.A. §§ 801-849, because ANR defined a "small business" as a business that sells less than 400,000 gallons of gas per year, rather

than as a business with twenty or fewer full-time employees, the definition provided by VAPA. See 3 V.S.A. § 801(b)(12). We conclude that ANR's definition is better calibrated to assess the economic impact of the regulation at issue and that the agency has, therefore, demonstrated compliance with the statute. We affirm.

GMOV, a consortium of gasoline marketers, appeals from a decision in favor of ANR on cross-motions for summary judgment. The parties concede there are no contested issues of fact; therefore, the only question is whether ANR is entitled to judgment as a matter of law, which we review de novo. See *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996) (summary judgment appropriate where there are no disputed issues of material fact and movant is entitled to judgment as matter of law).

The regulations challenged in this case are known as "Stage II" regulations, which refers to a method of vapor recovery at a gasoline pump. Stage II regulations implement the requirements of the Clean Air Act, 42 U.S.C. §§ 7401-7671q, and the Northeast Ozone Transport Region, 42 U.S.C. § 7511c(a). Under 10 V.S.A. § 558, the Secretary of ANR has the authority to "establish such emission control requirements, by rule, as in [her] judgment may be necessary to prevent, abate, or control air pollution." The regulations require gasoline stations with a throughput of 400,000 gallons or more of gasoline per year to install vapor recovery systems on their pumps. Stations selling less than 400,000 gallons per year are exempt. The effect of the 400,000 gallon regulatory threshold is to exempt approximately 70% of gasoline stations state-wide while capturing over 70% of total gasoline station emissions.

The proposed Stage II regulations were published on January 19, 1996. A public hearing on the regulations was held on March 6, 1996, and public comments were accepted through May 6, 1996. The final rule, which was altered significantly from the original proposed rule, was filed with the Secretary of State on June 17, 1996. It provided, inter alia, that: (1) gasoline stations with a throughput of 400,000 gallons or less would be exempt from the regulation (increased from the 240,000 gallon regulatory threshold of the original proposed rule); (2) of the stations with throughput of 400,000 gallons or more, those with lower throughput would be permitted more time to comply with the regulations[1] (3) regulated stations would visually inspect the

---

[1] Specifically, stations with throughput of 1,200,000 gallons or greater were required to comply by December 31, 1997; with 1,000,000 gallons or greater by December 31, 1998;

vapor recovery equipment once a week; (4) initial compliance would be retested at least every five years; and (5) station owners would verify the initial compliance and maintain records of any maintenance, repair or replacement of the system. The economic impact statement attached to the final rule estimated the costs of compliance based on throughput as well as a variety of other factors.

GMOV sought a declaratory judgment that the Stage II regulations promulgated by ANR were invalid because ANR had failed to consider the impact of the regulations on small businesses as required by 3 V.S.A. §§ 832a and 838(c)(2).[2] In its order granting summary judgment to ANR, the trial court concluded that GMOV was seeking to impose a "hyper-technical" reading of the statute on ANR by emphasizing the definition of "small business" as a business with twenty or fewer full-time employees to the exclusion of other elements of the statutory scheme. The trial court pointed to the fact that, in assessing the impact on small businesses, the agency is only required to look to information readily available to it and that ANR may not significantly reduce the effectiveness of its regulations in order to accommodate small businesses. Furthermore, the trial court determined that the agency had adopted a number of measures specifically designed to ease the impact on small businesses, including the 400,000 gallon regulatory threshold, the phase-in compliance schedule, and minimal reporting and testing requirements. This appeal followed.

■■ On appeal, GMOV argues that ANR has failed to comply with VAPA because it did not make a sufficient demonstration of compliance with VAPA's requirement that an agency consider the impact of a regulation on small businesses. In particular, GMOV emphasizes that ANR did not employ the statutory definition of "small business" as a business employing twenty or fewer full-time employees. See 3 V.S.A. § 801(b)(12). GMOV contends, inter alia, that ANR failed to identify which gas stations were small businesses, determine how many gas stations were small businesses, calculate what volume of gas they sold, and analyze the cost of compliance for them. GMOV further alleges that the information necessary to complete this analysis was readily available to ANR. GMOV argues

---

with 700,000 gallons or greater by December 31, 1999; and with 400,000 gallons or greater by December 31, 2000.

[2] Although there were originally four counts in GMOV's complaint, all but Count I (alleging violations of the VAPA's small business provisions) were withdrawn.

that "Defendant's presumption that throughput is an accurate indicator of the number of employees of a business is wrong."[3]

■ As an initial matter, we clarify the standard of review. While it is true that, absent a clear and convincing showing to the contrary, decisions made within the expertise of administrative agencies are presumed to be correct, valid, and reasonable, see *In re Professional Nurses Serv., Inc.*, 164 Vt. 529, 532, 671 A.2d 1289, 1291 (1996), the requirements of VAPA are not within the substantive expertise of an agency, and therefore the question of whether an agency has complied with these requirements is not accorded similar deference. See *In re Diel*, 158 Vt. 549, 551, 614 A.2d 1223, 1225 (1992).

Under Vermont law, ANR was obligated to consider the impact of its regulation on small businesses. 3 V.S.A. § 832a(a)-(b) provides:

> (a) Where a rule provides for the regulation of a small business, an agency shall consider ways by which a small business can reduce the cost and burden of compliance by specifying less numerous, detailed or frequent reporting requirements, or alternative methods of compliance.

> (b) An agency shall also consider creative, innovative, or flexible methods of compliance with the rule when the agency finds, in writing, such action would not:

---

[3] On appeal, ANR contends that the merits of GMOV's arguments should not be reached because GMOV has not established standing and GMOV is estopped from contesting the regulation because they participated in the notice and comment period, and therefore participated in the rule's promulgation. Appellee ANR cannot raise standing for the first time on appeal, affording GMOV no opportunity to present additional facts establishing standing. See *McLaughlin v. State*, 161 Vt. 492, 495, 642 A.2d 683, 685 (1994); *Coty v. Ramsey Assocs.*, 149 Vt. 451, 469, 546 A.2d 196, 208 (1988) (standing is an affirmative defense that must be raised at trial and will not be resolved on appeal otherwise). The fact that standing is a threshold jurisdictional issue does not relieve a defendant of the burden of raising it at trial.

ANR further argues that GMOV is estopped from challenging the regulation for failure to apply the statutory definition of small business because none of the members of GMOV who submitted comments during the notice and comment period raised this point, despite the fact that they knew that ANR was applying the throughput criterion. Again, this is a defense that ANR was obligated to raise at trial in order to preserve the issue for appellate review. Furthermore, 3 V.S.A. § 846(d) provides that "[a]n action to contest the validity of a rule for noncompliance with any of the provisions of this chapter . . . must be commenced within one year after the effective date of the rule." Thus, it is inconsistent with the statute to argue that challenges to a rule under the VAPA are required to be inaugurated during the notice-and-comment period itself.

(1) significantly reduce the effectiveness of the rule in achieving the objectives or purposes of the statutes being implemented or interpreted; or

(2) be inconsistent with the language or purpose of statutes that are implemented or interpreted by the rule; or

(3) increase the risk to the health, safety, or welfare of the public or to the beneficiaries of the regulation, or compromise the environmental standards of the state.

Section 838(a)(2) requires that an agency filing a proposed rule include an economic impact statement, while § 838(c) provides that the economic impact statement analyze the anticipated costs and benefits to be expected from adoption of the rule, and include a flexibility statement that "compare[s] the burden on small businesses by compliance with the rule to the burden which would be imposed by alternatives considered under section 832a of this title." Additionally, "[o]nly employees of the agency and information either already available to the agency or available at reasonable cost shall be used in preparing economic impact statements."

Thus, § 838(c) obligates ANR to *consider* the impact of a regulation on small businesses, and to *consider* either less burdensome reporting requirements or alternative methods of compliance. Under § 832a(b), ANR should *consider* flexible compliance for small businesses *only* when it concludes that such an approach will not significantly reduce the effectiveness of the regulation, contradict the regulatory goals, or increase health or safety risks. The statute does not in any way prevent ANR from ultimately deciding to impose the same regulatory requirements on small businesses as on all other regulated businesses if it concludes that imposing different regulatory requirements would compromise the efficacy of the regulation. The only obligation is to consider alternatives; ANR need not implement any one of them. In other words, the small business provisions of the statute confer no substantive rights on small businesses, or impose any substantive obligation on ANR. Nor do they provide small businesses with any additional grounds to contest a regulation, absent ANR's failure to *consider* the enumerated alternatives.

It cannot be argued that VAPA prevents ANR from legitimately reaching the ultimate regulatory result in this case. ANR could have reached the same result even while strictly complying with GMOV's

interpretation of VAPA's requirements. That is, ANR could have researched and listed all businesses with twenty or fewer full-time employees; analyzed the cost burden of compliance for this group and the degree of flexibility that would preserve environmental standards; and concluded that the most effective way to ease the impact on small businesses while preserving the regulation's goals would be to exempt stations with an annual throughput of 400,000 gallons or less, phase-in compliance for all other stations based on volume of throughput, and minimize reporting and testing requirements. At most what was missing in this case was a statement by the agency that it was implementing an alternative definition of "small business" more closely related to the purposes and economic impact of the regulations.

■   Thus, GMOV's quarrel can only be with the method by which ANR reached its result, and not with the result itself. While the decision *whether* to conduct an analysis of the impact of a regulation on small businesses is not a discretionary matter within the agency's expertise, the *manner* in which it conducts the analysis does fall within the agency's expertise, and hence is accorded appropriate deference. See *In re Professional Nurses Serv., Inc.*, 164 Vt. at 532, 671 A.2d at 1291. For this reason, a regulated entity can require that ANR's methodology not be arbitrary and capricious, but it cannot demand that ANR use any particular methodology as opposed to another. Here, ANR's methodology was reasonable, both in minimizing the cost burden of compliance and maximizing attainment of environmental standards. Given the purposes of the regulation, the throughput measure of small businesses was more relevant both in terms of economic impact (the requirements of 3 V.S.A. §§ 832a(a) and 838(c)) and efficacy of the regulations (the requirement of 3 V.S.A. § 832a(b)). It would be illogical to forbid the agency from operating in a manner that was rational and effective.

GMOV's primary contention is that "at least 27 gas stations with less than 21 full time employees" (i.e., statutorily defined small businesses) "all must comply with the Stage II Regulations." In essence, GMOV argues that a business' status as a statutorily defined "small business" should somehow exempt it from regulation, or at least assure that it will not be regulated in the same manner as other businesses, lest VAPA's small business provisions be violated. But ANR clearly has the authority to regulate small businesses in the same manner as other businesses, if it determines after consideration that to do otherwise would compromise environmental standards. See

3 V.S.A. § 832a(b)(1)-(3). In other words, the definition of a small business as one with twenty or fewer employees does not vest such businesses with any substantive rights nor impose any substantive obligation on ANR with respect to its regulation of such businesses. It merely provides a preliminary guideline directing ANR's analysis of the economic impact of a regulation.

The cases cited by GMOV deal with situations where the agency has failed to conduct any small business analysis at all. See *Northwest Mining Ass'n v. Babbitt*, 5 F. Supp. 2d 9, 15 (D.D.C. 1998) (agency claimed that there was no impact on small businesses); *Fremont Lumber Co. v. Energy Facility Siting Council*, 936 P.2d 968, 974 (Ore. 1997) (fiscal impact statement invalid because it failed to "state clearly and affirmatively that costs might be involved, so that interested persons are alerted to that possibility"); *Dika v. Department of Ins. & Fin.*, 817 P.2d 287, 288-89 (Ore. 1991) (fiscal impact statement invalid because it did not make required projection as to economic effect of regulation, but simply stated that there would be economic effect); *Stuart Yacht Club & Marina, Inc. v. Department of Natural Resources*, 625 So. 2d 1263, 1269 (Fla. Dist. Ct. App. 1993) (agency concluded that proposed regulation would have no impact on small businesses because it assumed that all businesses that fell below relevant regulatory threshold would be "small businesses"). There is no allegation in the instant case that ANR failed to acknowledge that compliance with the proposed regulation would entail certain costs, or that ANR eschewed the statutory definition without replacing it with a more functional one. Unlike the agencies in the above cases, which denied that there was any impact on small businesses, ANR included the regulatory threshold and the phase-in compliance schedule in an attempt to tailor the regulations to minimize the cost of compliance for small businesses and maximize the efficacy of the regulations at once.

■ We agree with the trial court that GMOV has attempted to impose a hypertechnical reading of the statute on ANR. By employing a definition of small business that is at once sensitive to the costs of compliance and the environmental goal to be achieved, ANR promulgated a regulation that exempts approximately 70% of gasoline stations state-wide while capturing over 70% of total gasoline station emissions. ANR's approach is reasonable on its face. ANR's decision to use an alternative definition of "small business" is not of the kind that will prevent a rule from taking effect. See 3 V.S.A. § 846 (listing which violations of VAPA will prevent rule from taking effect;

which violations will not prevent rule from taking effect; and providing in § 846(c) that, "[f]or other violations of this chapter, the court may fashion appropriate relief"). Furthermore, the concerns of VAPA's small business provision and flexibility provision are minimizing the cost burden of compliance and preserving environmental standards if flexible enforcement options are used. These goals were achieved through ANR's approach in this instance. We conclude that while ANR could have explained more clearly that it was substituting the statutory definition of a small business with the more relevant throughput standard, this omission did not substantively violate VAPA, and to the extent that there was any technical violation, we will not invalidate the regulation on that basis.

*Affirmed.*