2012 VT 78

# World Publications, Inc. v. Vermont Department of Taxes

[60 A.3d 942]

No. 12-009

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed November 2, 2012

*Harriet Ann King* and *Robert Johnston King*, Legal Intern, of *King & King*, Waitsfield, for Plaintiff-Appellant.

*William H. Sorrell*, Attorney General, and *John McAllister*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

¶ 1. **Skoglund, J.** Taxpayer distributes a free weekly newspaper in central Vermont called *The World*. Once a month, the newspaper includes a coupon book, produced and printed by taxpayer, that features coupons for local businesses. The Commissioner of Taxes concluded that the coupon books are not "component parts" of the newspaper, and therefore the cost of printing the coupon books is "not exempt from sales and use tax." The superior court affirmed. We, too, affirm.

¶ 2. The following facts are drawn from the parties' stipulation before the Commissioner. Taxpayer publishes *The World* and distributes it for free to households and newsstands throughout central Vermont. The content of *The World* focuses on central Vermont news; approximately 35% of the newspaper consists of such content, with the remainder consisting of advertising. Substantially all of *The World*'s revenues are generated from advertising sales.

¶ 3. Distributed with the newspaper during the first week of each month is a coupon book, the characterization of which is the sole issue on appeal. Taxpayer's salespersons solicit advertising for the coupon book from current and new advertisers, just as they do for regular ads within the newspaper itself. Taxpayer's staff then designs the coupon book and sends the files electronically to the printer. The printer prints the coupon books and inserts approximately 90% of them into copies of *The World* for distribution. Any remaining coupon books are distributed through *The World*-branded news racks and are available throughout the month.

¶ 4. Newspapers are exempt from Vermont sales and use tax under 32 V.S.A. § 9741(15):

> Sales of newspapers and sales of tangible personal property which becomes an ingredient or component part of or is consumed or destroyed, or loses its identity in the manufacture of newspapers, whether sold or distributed without charge [are exempt from the sales and use tax]. A publication shall not be considered a newspaper unless, on an average for the taxable year, at least ten percent of its printed material consists of news of general or community interest, community notices, editorial comment, or articles by different authors.

¶ 5. The Department of Taxes audited taxpayer's sales and use tax returns and determined that while *The World* is an exempt

newspaper under § 9741(15), the coupon books are not. Accordingly, the Department computed unpaid sales and use taxes due and owing on the cost of printing the coupon book. Taxpayer timely appealed the assessment.

¶ 6. The Commissioner concluded that the coupon books were "additional, separate publications rather than component parts of the newspapers into which they are inserted," and therefore are not exempt from tax. The Commissioner began her analysis by noting that tax exemptions are construed narrowly against the taxpayer, *Hannaford Bros. Co. v. Vt. Dep't of Taxes*, 150 Vt. 6, 6-8, 547 A.2d 1353, 1353-55 (1988), and that taxpayer has the burden of proof in establishing that the coupon books meet the requirements for an exemption. In reaching her conclusion, the Commissioner relied heavily on *Hannaford*, which held that preprinted advertising supplements, inserted into newspapers to advertise the products and prices of a third-party grocery chain (Hannaford) were not integral components of the newspapers and thus not exempt from sales and use tax. *Id.* at 6-8, 547 A.2d at 1354-55. Though she recognized factual distinctions between the *Hannaford* insert and the coupon book in this case, she concluded that the outcome is the same in both cases. She reasoned that although the coupon book is identified with *The World*'s logo, the books are separately prepared and printed. They contain no content, only advertising. They "do not contribute to the newspaper's character, do not typically command their own following, and are not separately indexed sections of the publication." Moreover, as with the *Hannaford* inserts, the coupon books are not distributed solely with the newspaper; they are also available on news racks. Even though taxpayer could have placed identical coupons in the pages of the newspaper itself and not incurred any tax, the Commissioner concluded that a taxpayer accepts the tax consequences that flow from its business decisions. Here, taxpayer made a decision to print the coupon books separately from the newspaper as a convenience to its readers. The Commissioner concluded "the taxpayer's choice of format and method of distribution results in a taxable event."

¶ 7. The superior court agreed with the Commissioner's decision, adding nothing significant to the analysis. The court concluded that the *Hannaford* decision controlled and found the record supported the Commissioner's exercise of discretion. Taxpayer now appeals, arguing that the facts of this case compel a

different result from *Hannaford*. The essence of taxpayer's argument is that there are differences between its coupon book and the insert taxed in the *Hannaford* case, and because the coupon book and insert contributes to the character of the newspaper, it must be considered a component part of *The World*. We disagree for the reasons that follow.

¶ 8. We review this on-the-record appeal of the Commissioner's decision directly, independent of the superior court's conclusions. *In re Williston Inn Group*, 2008 VT 47, ¶ 11, 183 Vt. 621, 949 A.2d 1073 (mem.). Moreover, because we are "traditionally reluctant to substitute our judgment for the experience and expertise of an agency," *Lemieux v. Tri-State Lotto Comm'n*, 164 Vt. 110, 112, 666 A.2d 1170, 1172 (1995), we apply a deferential standard of review to agency decisions. See, e.g., *Gasoline Marketers of Vt., Inc. v. Agency of Natural Res.*, 169 Vt. 504, 508, 739 A.2d 1230, 1233 (1999) ("[A]bsent a clear and convincing showing to the contrary, decisions made within the expertise of administrative agencies are presumed to be correct, valid, and reasonable."). We therefore uphold the Commissioner's interpretation of tax statutes absent "compelling indication of error." *Williston Inn Group*, 2008 VT 47, ¶ 12. See also *In re Picket Fence Preview*, 173 Vt. 369, 371, 795 A.2d 1242, 1244 (2002) ("[W]e will not set aside the Commissioner [of Taxes]'s findings of fact unless clearly erroneous."). Combining this deferential standard of review with our mandate to construe tax exemptions strictly against the taxpayer, taxpayer has a difficult burden to overcome in showing why the coupon book should be exempt from taxation. *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica*, 2005 VT 16, ¶ 14, 178 Vt. 35, 869 A.2d 145; see also *Ragland v. K-Mart Corp.*, 624 S.W.2d 430, 432 (Ark. 1981) ("Any tax exemption provision must be strictly construed against the exemption, and to doubt is to deny the exemption; the taxpayer has the burden of clearly establishing the exemption beyond a reasonable doubt.").

¶ 9. The coupon books in question are not "consumed or destroyed" nor do they lose their "identity in the manufacture of newspapers, whether sold or distributed without charge." 32 V.S.A. § 9741(15). Thus, the only way the coupon books can be considered exempt from the sales and use tax is if they are found to be a "component part of" the newspaper. Taxpayer's argument is primarily that its coupon book can be factually distinguished from the grocery store flyers at issue in *Hannaford*. The inserts in that

case were produced by a grocery chain that contracted with independent printers to print the flyers. The grocery chain then contracted with newspapers to have them inserted in their papers. Approximately 8% of the flyers were distributed directly to consumers at the grocery stores, or through direct mail. *Hannaford*, 150 Vt. at 6-7, 547 A.2d at 1354. By contrast, as noted above, *The World* solicits advertisements ·from its current or prospective advertisers, designs the coupon books itself, and then contracts to have them printed along with the newspapers. Approximately 10% of the coupon books are also distributed directly to consumers through *The World*-branded news racks. Thus, there are significant distinctions between the *Hannaford* inserts and the coupon books in this case. However, these distinctions are of no moment, as they do not change the conclusion that the printing of the coupon books is subject to sales tax.

■■ ¶ 10. A thorough review of the Commissioner's determination reveals no "compelling indication of error." *Williston Inn Group*, 2008 VT 47, ¶ 12. The Commissioner explained that, while nothing in 32 V.S.A. § 9741(15) specifies what constitutes a "component part" of a newspaper, "[c]ommon understanding" dictates that newspapers are generally comprised of various sections such as sports, entertainment, classifieds, and comics. Advertisements have traditionally appeared through the various sections, but more recently, advertising inserts have become commonplace. She then synthesized our holding in *Hannaford* — that advertising inserts preprinted by a third party and contractually inserted in a newspaper (but also available through direct mail or in grocery stores) are not integral components of the newspaper. She conceded that the coupon books at issue in this case are closer to being tax-exempt component parts of the newspaper than the *Hannaford* inserts, but reasoned that they are still fundamentally different from the newspaper itself. The coupon books differ in size, format, and distribution from *The World*. They are separately prepared and printed; they are not part of the "print run" of *The World*. They consist solely of advertising with no content. They do not typically command their own following, and they are not separately indexed sections of the paper. Based on the record before us, none of these findings appear erroneous, so our case law urges deference to the Commissioner's determination.

¶ 11. Having printed the coupons in a separate book and then inserted that book into the newspaper does not make it a component part of a newspaper. It is the Commissioner's duty to interpret the tax laws with her experience and expertise. Some states have statutes that specifically include advertising inserts printed by the newspaper within the definition of a tax-exempt newspaper. See *Eagerton v. Dixie Color Printing Corp.*, 421 So. 2d 1251, 1253 (Ala. 1982) (explaining that state tax rule mandates that advertising inserts printed by newspaper are tax exempt). While clarification of 32 V.S.A. § 9741(15) as it pertains to inserts would probably assist the Commissioner in the task of deciding what constitutes a component part of a newspaper, we can find no error in the Commissioner's determination, based on our statutes and prior cases, that the coupon books are not component parts of *The World*. Accordingly, the coupon books are not afforded the exemption enjoyed by newspapers.

*Affirmed.*