90 So.2d 295 (1956)
Ray E. GREEN, as Comptroller of the State of Florida, and Thomas J. Kelly, as Sheriff of Dade County, Florida, Appellants,
v.
HOME NEWS PUBLISHING CO., Inc., a Florida corporation, Appellee.
Supreme Court of Florida. Division B.
October 31, 1956.
Rehearing Denied November 19, 1956.
Richard W. Ervin, Atty. Gen., Phillip Goldman, Asst. Atty. Gen., and Lewis H. Tribble, Gen. Counsel for Comptroller, Tallahassee, for appellants.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, and James Knight, Miami, for appellee.
ROBERTS, Justice.
The only point presented for determination on this appeal is whether a publication, the "Shopper Advertiser," is a newspaper within the meaning of Section 212.08(4), Fla. Stat. 1955, F.S.A., exempting, among others, "newspapers" from the sales and use tax imposed by the Sales Tax Act, Chapter 212, Fla. Stat. 1955, F.S.A. In a suit brought by the publisher, appellee here, against the Comptroller, appellant, to enjoin the collection of a tax imposed under the Act in question, the lower court found that it was a "newspaper", and entered a decree in favor of the publisher. The Comptroller has appealed.
*296 The decree was entered upon facts stipulated by the parties, as follows: that the "Shopper Advertiser" is distributed free to the public by the publisher; that it has a third-class mailing privilege and is not, therefore, authorized to carry legal advertising; and that, if it is not a "newspaper" within the meaning of the Act, the tax imposed by the Comptroller is valid. Copies of the publication were exhibited to the Chancellor and have been sent to this court, from which it appears that the publication has no masthead setting forth its publisher, editor, circulation, place of publication, et cetera. It is apparently intended for circulation in Hialeah and Miami Springs, since those words appear at the top of each page and the advertising is limited to businesses in those areas. In one 12-page issue of the paper, one full page was devoted to news of local governmental affairs in Hialeah. Various items of household hints, recipes, advice to parents, and the like, were spotted on other pages and would consume, altogether, almost a page of the publication. The remainder was devoted entirely to advertising. In a 16-page issue, one full page was again devoted to local governmental affairs, and, except for one item (a recipe), the remainder was advertising.
While the particular question here presented has not been before this court heretofore  nor, so far as we can tell, before any other court  we have considered the question of whether a magazine, such as Time or Life, is entitled to exemption from the sales tax as a "newspaper". This court, in Gasson v. Gay, Fla. 1950, 49 So.2d 525, 526, 21 A.L.R.2d 412, held that such magazines were not exempt from the tax, and said:
"`The provision in section 8, chapter 26319, Laws of Florida, acts of 1949 [F.S.A. § 212.08], exempting "newspapers" from the operation of said chapter, had reference to the natural, plain and ordinary significance of the word newspaper  the understanding of the word newspaper in general and common usage  and did not refer to or comprehend magazines or periodicals.'"
It is settled law in this state that "a construction placed on a statute by a state administrative officer, * * * is a persuasive force and influential with the courts, when found not to conflict with some provision of the Constitution or the plain intent of the statute." Volunteer State Life Insurance Company v. Larson, 147 Fla. 118, 2 So.2d 386, 387. Unless clearly erroneous or unauthorized, the courts generally will not depart from such construction. See Gay v. Canada Dry Bottling Co. of Florida, Inc., Fla. 1952, 59 So.2d 788, 790.
We do not find the construction placed on the statute in question by the Comptroller to be clearly erroneous. While it is true that the "Shopper Advertiser" complies with the minimum requirement for a neswpaper established by the Comptroller in his Rules and Regulations under the Sales Tax Act, as contended by the publisher, this fact is not controlling on the question of whether a publication is, in fact, a "newspaper" within the meaning of the Act. See Gasson v. Gay, supra, 49 So.2d 525. The "Shopper Advertiser" unquestionably has for its principal purpose the advertising of business concerns in the area and not the dissemination of news. It is, in practical effect, simply an advertising "give-away," even though a modicum of local news and other material found in newspapers is included. Cf. Simpson v. City of Highwood, 1939, 372 Ill. 212, 23 N.E.2d 62, 124 A.L.R. 1459, holding that a similar publication was not a "newspaper" within the meaning of a statute relating to publication of legal notices.
We have concluded that the interpretation of the statute made by the Comptroller is not clearly erroneous and is, in *297 fact, entirely justified under the opinion of this court in Gay v. Canada Dry Bottling Co. of Florida, Inc., supra, 59 So.2d 788.
Accordingly, the decree appealed from should be and it is hereby
Reversed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.