QUESTION:
What is the effect of Ch. 380, F. S., relating to developments of regional impact, on Reedy Creek Improvement District?
SUMMARY:
Absent a judicial or legislative declaration to the contrary, s. 23 of Ch. 67-764, Laws of Florida, exempts the Reedy Creek Improvement District (Disney World) from the Ch. 380, F. S., requirements for a a development of regional impact.
You have advised me that the Reedy Creek Improvement District (Disney World) is planning a major project and addition (EPCOT) to the Disney World Complex, and the district is concerned as to whether or not it must comply with Ch. 380 requirements for developments of regional impact.
The district was created by Ch. 67-764, Laws of Florida, which provides the governing board of supervisors with broad, diverse powers to implement the purposes of the district as exemplified in the legislative preamble to the special act. The Florida Supreme Court upheld the constitutionality of the act in State v. Reedy Creek Improvement District, 216 So.2d 202 (Fla. 1968), by affirming the circuit court order which found that the act `did not violate any provision of the Constitution of Florida.' The court approved a legislative finding that creation of the district would foster, among other objectives, `the conservationg of natural resources.'
In s. 23(1) of the act, the Legislature found and declared that the powers accorded the board of supervisors under that section were essential `to guide and accomplish the coordinated, balanced and harmonious development of the District in accordance with existing and future needs.' The Legislature, in s. 23(2), granted the board of supervisors exclusive jurisdiction and powers with respect to matters provided for in that section notwithstanding `any other laws of the State now or hereafter enacted.' This exclusive grant of powers is reflected by this sentence:
 The jurisdiction and powers of the Board of Supervisors provided for herein shall be exclusive of any law now or hereafter enacted providing for land use regulation, zoning or building codes, by the State of Florida or any agency or authority of the State and the provisions of any such law shall not be applicable within the territorial limits of the District.
Chapter 380, F. S., in pertinent part, provides a regulatory process for developments of regional impact [s. 380.06] for the legislative purposes expressed in s. 380.021. This chapter is administered and implemented by the Division of State Planning, Department of Administration. By memorandum of July 20, 1976, the division has administratively concluded that s. 380.06 does not apply to developments within the district:
 This section specifically exempts the Reeedy Creek Improvement District from state land use regulation laws, `now or hereafter enacted.' This would include Chapter 380.06, F. S., developments of regional impact. Therefore, by law the Reedy Creek Improvement District is exempt from the jurisdiction of Chapter 380.06, F. S.
Cf. s. 163.317(4), F. S. An administrative determination by an agency empowered with the authority to enforce the statute is entitled to great weight. Green v. Home News Publishing Co.,90 So.2d 295 (Fla. 1956); State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1974). Absent a judicial or legislative declaration to the contrary, this administrative determination is persuasive and binding. See also 30 Fla. Jur.Statutes ss. 151-158.
Prepared by: Staff