## Wendy Payea v. The Howard Bank and Banknorth Group

[663 A.2d 937]

No. 94-414

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 14, 1995

Motion for Reargument Denied August 11, 1995

*William M. Dorsch* and *Beth A. Danon* of *Mickenberg, Dunn, Sirotkin & Dorsch*, Burlington, for Plaintiff-Appellant.

*Christopher D. Roy, Heather Briggs* and *Patricia M. Sabalis* of *Downs Rachlin & Martin*, Burlington, for Defendants-Appellees.

**Dooley, J.** Plaintiff appeals the Chittenden Superior Court's grant of defendants' motion for summary judgment. Following a work-related injury, plaintiff sought damages and other relief after defendants refused to reinstate her in accordance with § 643b(b) of Vermont's workers' compensation statute ("Act"). 21 V.S.A. § 643b(b). On appeal, plaintiff claims that the trial court improperly concluded that an exception to the reinstatement obligation, as provided in

§ 643b(d)(2) of the Act, applied in plaintiff's circumstances. We agree, and therefore, reverse.

In 1986, plaintiff was hired as a data processor for defendant Howard Bank, which later merged with defendant Banknorth Group (BNG). BNG initially assumed responsibility over data processing, but beginning in September of 1990 it contracted its data processing functions to Systematics, Inc. Plaintiff's work injury occurred in October 1990, and temporarily disabled her from continuing to work. While she was recuperating, her position was eliminated because it came within the scope of Systematic's contract. In March of 1991, plaintiff informed defendants that she was available to return to work, but defendants refused to place her in a job.

Plaintiff argues that defendants have a duty to reinstate her, pursuant to § 643b(b) of the Act. The section provides:

> The employer of a worker disabled by an injury compensable under this chapter shall reinstate the worker when his or her inability to work ceases provided recovery occurs within two years of the onset of the disability. A worker who recovers within two years of the onset of the disability shall be reinstated in the first available position suitable for the worker given the position the worker held at the time of the injury.

There is no dispute that plaintiff fell within this section. The sole issue on appeal is whether plaintiff's rights are barred by an exception to this provision, which states the reinstatement right does not apply if "employment would have terminated of its own terms prior to any reinstatement the worker would otherwise be entitled to." 21 V.S.A. § 643b(d)(2).

The trial court concluded that the exception to the reinstatement right applied because plaintiff was an at-will employee and her position was eliminated in a general downsizing of BNG. Plaintiff argues that these elements are insufficient to trigger the statutory exception.

When construing a statute, we presume that language is inserted advisedly. *Trombley v. Bellows Falls Union H.S.*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993). We will not construe a statute "in a way that renders a significant part of it pure surplusage." *State v. Beattie*, 157 Vt. 162, 165, 596 A.2d 919, 921 (1991) (reading one statutory provision containing "sheriff" to encompass "deputy sheriff" would render another section applicable to deputy sheriffs surplusage); see also

*State v. Kreth*, 150 Vt. 406, 409–10, 553 A.2d 554, 556–57 (1988) (error to omit "licensed" from information because it renders that word an inoperative and superfluous element of criminal trespass statute).

The court interpreted § 643b(d)(2) to apply whenever the employer eliminates the employee's position, an action the employer is free to take because the employment is at-will. The weakness in this interpretation is that it renders the statutory phrase "of its own terms" superfluous. Under the trial court's interpretation, we can think of no case where the outcome would be different because of the presence of this language. Certainly, this is not such a case.

Defendants appear to explain this weakness, first and foremost, as a necessary consequence of plaintiff's at-will employment, and the parties have briefed at length whether the at-will nature of plaintiff's employment was altered by the statutory reinstatement right. Except as it bears on the interpretation of the statute before us, we view the characterization of plaintiff's employment status as irrelevant to the issues before us.

The only possible bearing involves treating the at-will status as a "term" of employment so that the discharge of an at-will employee can be said to be a termination of employment "of its own terms." At best, this construction is forced because plaintiff's at-will status allows, but does not require, the discharge. Moreover, it addresses only marginally the weakness in the trial court's construction of the statute. Under this theory, the only instance where employment is not terminated "of its own terms" is where the termination is otherwise unlawful because the employee is discharged before the contracted employment term has expired. If the termination is otherwise unlawful, the statutory protection is unnecessary.

A stronger argument is the trial court's rationale that any right to reinstatement grants plaintiff "'greater job protection than that which is available to her uninjured colleagues in BNG's data processing department.'" We acklowledge this consequence of plaintiff's position. If plaintiff prevails here, she is in a better position than if she had never been injured, and Systematics decided not to hire her.[1] Presumably, some of plaintiff's uninjured colleagues were in that position and lost their jobs.

For two reasons, we do not find this argument persuasive. First, stripped of the statutory protection, plaintiff had only a limited

---

[1] Although we acknowledge this consequence, we find incredible defendants' fear that employees facing termination because of employer downsizing will create workplace injuries to obtain greater job protection than uninjured colleagues.

opportunity to compete for a job with the new employer. The new employer is unlikely to be willing to wait for plaintiff to return to health if qualified alternative applicants are immediately available.

More important, plaintiff's remedy is limited, and does not involve a return to the former job, or the right to replace current employees. She is given a right of employment in some position, but only if it is "available" and "suitable." 21 V.S.A. § 643b(b). The remedy is particularly limited here because the most suitable positions are now with Systematics, which never was plaintiff's employer and has no obligation to reinstate her. Section 643b(b) creates only a narrow job protection that offsets any disadvantages experienced by the injured worker, while accommodating the employer's need to fill vacant positions when they arise.

We conclude that the exception to the reinstatement right is more narrow than the trial court found. It applies if a term of employment limits the duration of that employment and that durational limit is reached before the injured worker is ready to return to work. Since the grant of summary judgment was based on the erroneous reading of the statute, we reverse that decision. The record before us indicates that genuine issues of material fact remain so that summary judgment is inappropriate at least without further proceedings.[2] See V.R.C.P. 56(c).

We reach a similar conclusion about Howard Bank's claim that summary judgment should be granted to it because BNG was plaintiff's employer at the time of her injury. Although Howard Bank argued that position to the trial court, the court never ruled on it because the court dismissed the whole case against both defendants. Plaintiff's affidavit to the trial court stated that her workers' compensation benefit checks indicated "The Howard Bank/Bank North" was the insured, and based on that, she argued there was a question of material fact as to which of the entities was obligated to implement her reinstatement right. In view of plaintiff's position, we conclude that the trial court should resolve this issue initially before we pass upon it.

---

[2] The parties appear to agree that if plaintiff prevailed on the issue decided by the trial court, other issues remain. Plaintiff, by her affidavit, attempted to show that suitable positions have become available since plaintiff became able to return to work. Defendants attempted to show that plaintiff received notice that her position was being eliminated before her injury, thus triggering another exception to the reinstatement right, see 21 V.S.A. § 643b(d)(1) (exception to reinstatement where worker "had been given notice . . . prior to sustaining the injury that employment would terminate"). In view of our disposition, these claims are appropriately before the trial court on remand.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*