# In re Picket Fence Preview

[795 A.2d 1242]

No. 01-037

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed March 22, 2002

*Thomas C. Nuovo* of *Bauer, Anderson & Gravel*, Burlington, for Plaintiff-Appellant.

*William H. Sorrell*, Attorney General, and *John M. Bagwell*, Special Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Amestoy, C.J.** Taxpayer, Picket Fence Preview, appeals the Chittenden Superior Court order affirming the Commissioner's determination that taxpayer is not exempt from use tax, pursuant to 32 V.S.A. § 9741(15). Taxpayer argues that: (1) the superior court erred in its interpretation of § 9741(15); (2) the superior court's finding that taxpayer is not a newspaper was erroneous; and (3) imposition of use tax violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Common Benefits Clause and freedom of speech and of the press guarantees of the Vermont Constitution. We affirm.

Taxpayer is a for-sale-by-owner guide, consisting primarily of real estate listings, published monthly and distributed free of charge in northern Vermont. On average, 10% of each publication includes articles, features, and community notices. The bound publication is printed on eight and one-half by eleven inch coated paper. The cover includes a color photograph of a listed property with the signature image of a picket fence across the bottom. Taxpayer's Registration and Vermont Business Account Number Application, filed in 1995, described taxpayer's business as "desktop publishers of for sale by owner real estate magazine." In January 1999, taxpayer amended the application to describe the publication as a newspaper. The publication is printed in Canada and pays neither Vermont sales nor use tax.

Vermont assesses use tax on tangible personal property used, stored, and consumed within the state on which sales tax has not been paid. 32 V.S.A. § 9773. Certain sales are exempt from the tax. 32 V.S.A. § 9741. Following an audit in 1998, the Department of Taxes assessed taxpayer a use tax of $10,086.81, plus interest and underpayment penalty, for the printing of its publication from the period January 1, 1995, through December 31, 1997. At a July 1999 hearing, taxpayer challenged the assessment on the basis that it should be considered a newspaper and be exempt from use tax. The Commissioner determined that taxpayer is not a newspaper and affirmed the assessment. Taxpayer appealed the Commissioner's determination to the superior court. The superior court affirmed, and this appeal followed.

Taxpayer argues on appeal that the superior court erred in upholding the Commissioner's interpretation of 32 V.S.A. § 9741(15), that taxpayer should fall within the definition of "newspaper" for the purposes of the use tax exemption, and that the imposition of the use tax violates provisions of the United States and Vermont Constitutions. We review the case under the same standard as applied in the intermediate appeal to the superior court. Thus, we will not set aside the Commissioner's findings of fact unless clearly erroneous. *Rock v. Dep't of Taxes*, 170 Vt. 1, 5, 742 A.2d 1211, 1215 (1999).

Taxpayer first argues that the superior court erroneously upheld the Commissioner's construction of § 9741(15) and the Commissioner's arbitrary definition of the term "newspaper." In construing a statute, our objective is to effectuate the intent of the Legislature. *State v. Dixon*, 169 Vt. 15, 17, 725 A.2d 920, 922 (1999). In determining the intent of the Legislature, we look first to the statute itself, presuming the Legislature intended the plain, ordinary meaning of the language. *Id.* The statutory provision in dispute reads:

> Receipts from the following shall be exempt from the tax on retail sales . . . .
>
> (15) Sales of newspapers and sales of tangible personal property which becomes an ingredient or component part of or is consumed or destroyed, or loses its identity in the manufacture of newspapers, whether sold or distributed without charge. A publication shall not be considered a newspaper unless, on an average for the taxable year, at least ten percent of its printed material consists of news of general or community interest, community notices, editorial comment, or articles by different authors.

32 V.S.A. § 9741(15).

The superior court upheld the Commissioner's interpretation of the term "newspaper," as found in § 9741(15), using its ordinary meaning. Specifically, the Commissioner found that a newspaper is "a specific product which is printed and distributed soon after news occurs, read promptly by the recipient and discarded after reading [that] is identifiable by the physical features [such as] inexpensive paper (newsprint), broad sheet or tabloid size, lack of refinements such as bindings and covers, and short intervals between editions." Further, the Commissioner determined that publications like magazines and for-sale-by-owner guides have longer production schedules and longer

useful lives. The superior court affirmed the Commissioner's conclusion that taxpayer is not a newspaper because its physical features place it beyond what is ordinarily understood to be a newspaper: taxpayer is printed on glorified newsprint that is glossier, whiter, and more resistant to tearing than ordinary newsprint, and taxpayer is bound and stapled into an eight and one-half by eleven inch booklet with a distinct cover.

Taxpayer contends that the use of physical features to determine that it is not a newspaper is arbitrary because it deviated from the definition used by this Court in *Hadwen, Inc. v. Dep't of Taxes*, 139 Vt. 37, 39, 422 A.2d 255, 257 (1980). In *Hadwen*, the Department of Taxes appealed a superior court decision reversing a determination by the Commissioner of Taxes that plaintiff publishing company owed use taxes on goods used in the publication of a weekly "Pennysaver" largely devoted to advertisements. 139 Vt. at 39, 422 A.2d at 257. The Department, in that case, urged this Court to endorse the Commissioner's application of the rationale set forth in *Green v. Home News Publ'g Co.*, 90 So. 2d 295, 296 (Fla. 1956). *Id.* In *Green*, the Florida Supreme Court upheld a denial of a sales and use tax "newspaper exemption" for a "Shopper Advertiser," citing, among other reasons: that only one page of the publication was devoted to news; there was no masthead setting forth its publisher, editor, and circulation; and the publication was not authorized to carry legal advertising. *Id.* at 296. In *Hadwen*, we declined to follow *Green* because of our concern that a definition of "newspaper" based upon content would lead to an unconstitutional construction of the statute. *Hadwen*, 139 Vt. at 39, 422 A.2d at 257.

Instead we looked to a dictionary definition of newspaper: " '[a] paper printed and distributed, at stated intervals, usually daily or weekly, to convey news, advocate opinions, etc., now usually containing also advertisements and other matters of public interest.' " *Id.* at 39-40, 422 A.2d at 257 (quoting Webster's New International Dictionary (2d ed. unabridged 1955)). Taxpayer asserts that the superior court may not uphold the Commissioner's decision in light of our holding in *Hadwen.* We disagree.

Our resort to a dictionary definition of "newspaper" in *Hadwen* stemmed from our concern that the Commissioner avoid a definition that could be construed as content-based.[1] Here, the Commissioner

---

[1] Jurisdictions vary in the factors used to determine whether a publication is a newspaper. Some jurisdictions employ format and frequency criteria. See, e.g., *Hearst Corp. v. Iowa Dep't of Revenue & Finance*, 461 N.W.2d 295, 300 (Iowa 1990) (newspapers

has scrupulously done just that. Indeed, the Commissioner's focus on format and frequency criteria is even less susceptible to constitutional infirmity than the definition that we employed in *Hadwen*. Unlike that definition, where the phrase "other matters of public interest" is arguably content-based, the superior court determined that the Commissioner relied on the physical features which, in ordinary usage, identify a newspaper.

Taxpayer further argues that it is a newspaper because it meets the 10% criterion of § 9741(15). Again, we disagree. We think it instructive that the 10% criterion of § 9741(15) was added by the Legislature after the superior court decision in *Hadwen*. As the Commissioner noted in his decision, while the amendment to § 9741(15) evinced a legislative decision to tax publications in "newspaper format" unless they contained 10% qualifying material,[2] the Legislature did not choose to substitute "periodical" for "newspaper." Thus, the reasonable application of § 9741(15) in its entirety compels the conclusion that the Legislature intended that the Commissioner first determine whether a publication is a "newspaper" in its format, and, if so, whether at least 10% of its printed material consists of news of general or community interest, community notices, editorial comment, or articles by different authors. To construe § 9741(15) otherwise would lead to the absurd result that any publication, including a book, a magazine, and a booklet meeting the 10% criterion is a newspaper. See *Roddy v. Roddy*, 168 Vt. 343, 347, 721 A.2d 124, 128 (1998) (interpretation

---

and magazines are differentiated by contrasting frequency of publication, format, type of paper used, cost of production, and useful life of publication); *H.J. Wilson Co. v. State Tax Comm'n*, 737 So. 2d 981, 988 n.3 (Miss. 1998) (statute defines newspaper as publication that is "not published primarily for advertising purposes ... formed of printed sheets [and] ... regularly issued at stated intervals"). Other jurisdictions combine format and frequency with a review of content for the inclusion of features commonly understood to be included in a newspaper, such as news and editorials. See, e.g., *Arizona Dep't of Revenue v. Great W. Publ'g, Inc.*, 3 P.3d 992, 995 (Ariz. 1999) (publication reviewed for certain key factors, such as news and editorials); *Gallacher v. Comm'r of Revenue Servs.*, 602 A.2d 996, 1000 (Conn. 1992) ("T.V. Facts" not a newspaper because it did not contain articles of opinions, such as editorials, or carry items of general news interest); and *Scotsmen Press v. Tax Appeals Tribunal*, 569 N.Y.S.2d 991, 993 (App. Div. 1991) (publications that do not contain news articles or expressions of opinions are generally not newspapers within meaning of the tax law).

[2] In *Hadwen*, only 2-3% of the "Pennysaver" was deemed to be devoted to "current events news and opinion commentary." 139 Vt. at 39, 422 A.2d at 257.

leading to absurd result clearly not intended by Legislature should be avoided).

Taxpayer asserts that the imposition of a use tax in this case violates the United States Constitution by denying taxpayer equal protection of the laws under the Fourteenth Amendment, and by abridging taxpayer's First Amendment freedom of speech rights. We address each of the taxpayer's constitutional claims in turn.

■ Taxpayer's contention that the Commissioner's application of the statute deprived taxpayer of equal protection of the law is premised on the assertion that a tax exemption for newspapers, but not magazines and similar periodicals, classifies similar entities for different treatment upon wholly arbitrary and capricious grounds. Statutes are entitled to a presumption of constitutionality under the Equal Protection Clause if the classifications drawn by the statutes are rationally related to any legitimate governmental purpose. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (unless classifications trammel fundamental personal rights or are drawn upon inherently suspect distinctions such as race, religion, or alienage, constitutionality of statutory discrimination is presumed and classification challenged must be rationally related to a "legitimate state interest"). In determining whether economic regulation violates the Equal Protection Clause, we are required to impose only the minimum scrutiny of the "rational basis" test. *Hadwen*, 139 Vt. at 42, 422 A.2d at 258. When the classification rests upon "some reasonable consideration of legislative policy" it will not be found unconstitutional. *Id.* Here, the distinction between newspapers and other periodicals is neither arbitrary nor capricious. The state has a legitimate interest in encouraging the inexpensive and wide dissemination of newspapers in order for its citizens to be informed of current affairs, *Gallacher*, 602 A.2d at 1005-06, and — as we noted in *Hadwen* in rejecting a similar challenge — in removing the collection burden where the tax amounts are de minimus. *Hadwen*, 139 Vt. at 43, 422 A.2d at 259. Section 9741(15) is rationally related to a legitimate governmental purpose and must therefore be upheld. See *Regan v. Taxation With Representation*, 461 U.S. 540, 547 (1983) ("[g]enerally, statutory classifications are valid if they bear a rational relation to a legitimate governmental purpose .... Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes.").

■ Taxpayer argues next that any determination of whether a publication is a "newspaper" is inherently content-based and, as

such, we should employ a heightened scrutiny test in assessing whether the superior court's decision upholding the Commissioner's application of § 9741(15) violates the First Amendment. We will employ heightened scrutiny when reviewing a tax statute which discriminates on the basis of a taxpayer's speech. *Leathers v. Medlock*, 499 U.S. 439, 447 (1991). However, where a tax statute is broad-based, content-neutral, and generally applicable, we review the statute under a deferential rational basis standard. *Vt. Soc'y of Ass'n Executives v. Milne*, 172 Vt. 375, 378, 779 A.2d 20, 23 (2001).

■ Notwithstanding taxpayer's characterization to the contrary, we agree with the superior court that "[t]he Commissioner based his determination of whether or not Picket Fence Preview is exempt on the format and frequency of the publication, not on its content." We need not address taxpayer's assertion that the second sentence of § 9741(15) contains constitutionally impermissible content-based criteria, because neither the Commissioner nor the superior court reached that part of the statute.[3] This Court will not decide constitutional questions unnecessarily. *State v. Clarke,* 145 Vt. 547, 551, 496 A.2d 164, 167 (1985). Nor are we persuaded that we should subject § 9741(15) to heightened scrutiny on the basis of our holding in *Vt. Soc'y of Ass'n Executives*, 172 Vt. at 384, 779 A.2d at 27. There, we found that Vermont's tax on lobbying expenditures was not a generally applicable tax that merely discriminated between First Amendment speakers. *Id.* Here, the tax at issue is much more akin to the tax upheld in *Leathers*, 499 U.S. at 446-47 (Arkansas gross receipts tax imposed on cable and television services while exempting newspapers and magazines). A generally applicable tax will be upheld under these circumstances as long as it does not discriminate on the basis of viewpoint. *Vt. Soc'y of Ass'n Executives*, 172 Vt. at 384, 779 A.2d at 28. Taxpayer has made no showing that the tax at issue here has singled out First Amendment interests, and a rational basis test is appropriate notwithstanding that taxpayer's product is a medium of communication. A tax that discriminates among speakers is constitutionally suspect only in certain circumstances. *Leathers*, 499 U.S. at 444.

Finally, taxpayer claims that tax exemption classification violates the Common Benefits Clause and freedom of speech and of the press guarantees of the Vermont Constitution. These arguments were not

---

[3] The Commissioner stated, "[t]he question is not reached here because the Department concedes that the 10% criteria of § 9741(15) has been met."

raised before the superior court and therefore are not preserved for our review. *In re Palmer*, 171 Vt. 464, 473, 769 A.2d 623, 629 (2000).

*Affirmed.*