## In re SOUTH BURLINGTON-SHELBURNE HIGHWAY PROJECT

[817 A.2d 49]

No. 02-071

¶ 1. December 12, 2002. Seven landowners (collectively "Landowners") appeal from the superior court's grant of a necessity petition for condemnation filed by the Vermont Agency of Transportation ("VTrans") to acquire additional land and land rights needed to widen and reconstruct a segment of U.S. Route 7 passing through Shelburne and South Burlington. Landowners claim that VTrans failed to comply with 19 V.S.A. § 33 and that the superior court failed to apply that statutory provision when considering VTrans's necessity petition. We find that VTrans was not required to adhere to the provisions of 19 V.S.A. § 33 before filing its necessity petition pursuant to 19 V.S.A. § 504 and, therefore, affirm.

¶ 2. The underlying dispute in this appeal concerns VTrans's proposed project (the "Project") to reconstruct approximately 3.17 miles along U.S. Route 7, beginning at the intersection of Webster Road in Shelburne and extending northward to the highway's intersection with Imperial Drive in South Burlington. Route 7 is the primary north-south highway in western Vermont, running from Pownal to Burlington. The highway is classified as a principal arterial highway, meaning that its primary function is to provide mobility through traffic, and its secondary, less significant function is to provide access to abutting property. In its present state, the 3.17 mile segment of Route 7 designated for reconstruction is a highly-congested traffic area, and portions are unsafe for pedestrian crossing.

¶ 3. On April 14, 2000, VTrans filed a necessity petition with the superior court for the condemnation of land and land rights needed to accomplish the Project. See 19 V.S.A. § 504. The petition named 100 affected property owners, sixteen of whom objected to the petition. Following a lengthy period of discovery, five days of hearings occurred in late July and early August 2001. Based on these hearings, the superior court issued its findings of fact and conclusions of law on December 17, 2001. The court found that the Project "will be conducive to the better and safer flow of traffic" and will create a "reasonably safe and efficient highway for at least the next 20 years." The court determined that VTrans complied with the necessity petition requirements set forth in 19 V.S.A. § 506(a) and granted the petition, finding that VTrans was entitled to an order of necessity for the taking of title in fee or easements of approximately seven acres of property along Route 7 and that no other routes were preferable. Seven landowners then appealed the order granting VTrans's necessity petition to this Court.

¶ 4. Landowners now contend that the superior court improperly granted the necessity petition for condemnation because: (1) VTrans failed to adhere to the survey provisions of 19 V.S.A. § 33 when conducting its survey of the Route 7 segment designated for reconstruction; (2) a survey according to the requirements of § 33 is a prerequisite to the filing of a necessity petition for condemnation pursuant to 19 V.S.A. § 504; and (3) VTrans's failure to adhere to § 33 required the superior court to dismiss VTrans's necessity petition. It is undisputed that VTrans did not follow the provisions of 19 V.S.A. § 33 in conducting its survey of the Route 7 segment designated for reconstruction and condemnation. However, Landowners' assertions concerning the consequences of that failure are incorrect.

¶ 5. Landowners' claims on appeal require us to construe the relevant statutory sections of Title 19. We must, therefore, determine whether VTrans was

required to adhere to the survey procedures set forth in19 V.S.A. § 33 before it filed its necessity petition for condemnation pursuant to 19 V.S.A. § 504. Statutory interpretation is a question of law; thus our review is nondeferential and plenary. *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999) (citation and quotation omitted). Our primary objective in construing a statute is to effectuate the intent of the Legislature. *Okemo Mtn., Inc. v. Town of Ludlow*, 171 Vt. 201, 210, 762 A.2d 1219, 1227 (2000). In order to determine the Legislature's intent — the first step in our analysis — we initially look to the language of the statute itself. *In re Picket Fence Preview*, 173 Vt. 369, 371, 795 A.2d 1242, 1244 (2002). The Legislature is presumed to have intended the plain, ordinary meaning of the adopted statutory language. *Id.* at 371, 795 A.2d at 1245. If the statute is unambiguous and the words have plain meaning, we accept and enforce that plain meaning as the intent of the Legislature, and our inquiry proceeds no further. *Town of Killington v. State*, 172 Vt. 182, 188, 776 A.2d 395, 400 (2001).

¶ 6. The complex statutory scheme of Vermont's highway law, constituting all of Title 19, as well as portions of other titles, requires us to construe the statutory sections relevant to this appeal in the context of the highway law "as a whole, looking to the reason and spirit of the law and its consequences and effects to reach a fair and rational result." *In re Margaret Susan P.*, 169 Vt. 252, 262, 733 A.2d 38, 46 (1999). Section 33 of Title 19 and the provisions under chapter 5 of Title 19 governing condemnation can and should be construed in harmony with each other. See *Munson v. City of S. Burlington*, 162 Vt. 506, 509, 648 A.2d 867, 869 (1994) ("statutes relating to the same subject matter should be construed together and read in pari materia, if at all possible"); *Davis v. Hunt*, 167 Vt. 263, 267, 704 A.2d 1166, 1169 (1997) (Court attempts to harmonize constituent parts

when interpreting statute). From the unambiguous language of Title 19, we find that the survey provisions of § 33 are separate and distinct from those provisions controlling condemnation for highway construction and modification set forth in 19 V.S.A. §§ 501-519, and that adherence to § 33 is not a prerequisite to filing a necessity petition for condemnation.

¶ 7. Section 33 is contained within chapter 1 of Title 19. Chapter 1, entitled "State Highway Law," creates VTrans along with the agency's corresponding powers and duties. See 19 V.S.A. §§ 1-12b. Specifically, § 33 allows VTrans to authorize the survey or resurvey of existing state highways for the purpose of "verify[ing] the location and width of the existing right-of-way, easement, or fee title and to determine the extent of the interest of the public in the title." *Id.* § 33(b). This statutory section provides the procedures that VTrans must follow when electing to authorize a § 33 survey. See *id.* § 33(b)-(g). In addition, § 33 contains a compensation provision for landowners aggrieved by a survey conducted in accordance with its procedures, *id.* § 33(h), and is followed by a statutory provision allowing appeal from such a survey. *Id.* § 34 (landowner dissatisfied with § 33 survey may appeal results of survey in superior court).

¶ 8. In contrast, §§ 501-519 are contained within chapter 5 of Title 19. Chapter 5, entitled "Condemnation," outlines the procedures VTrans must follow when "the interest of the state requires . . . the agency to take any land or rights in land . . . deemed necessary to lay out, relocate, alter, construct, reconstruct, maintain, repair, widen, grade, or improve any state highway including affected portions of town highways." *Id.* § 502(a). If VTrans desires to condemn land for the purpose of highway construction or modification, it must "cause the land to be acquired or affected to be surveyed." *Id.* § 503. Following that

mandated survey, if the affected landowners do not stipulate to the necessity of the state's taking, see *id.* § 508, VTrans must petition a superior court for a hearing to determine the necessity of its proposed condemnation. See *id.* § 504. If that necessity petition is granted, aggrieved landowners can invoke the remedy provisions contained in chapter 5 governing appeal and compensation. See *id.* §§ 510-514.

¶ 9. From the plain, unambiguous language of Title 19, it is clear that § 33 and the condemnation procedures set forth in chapter 5 do not share the same statutory purpose. Section 33 establishes general highway law and does not purport to govern surveys related to the taking of private lands for highway modification through condemnation proceedings. Instead, § 33 authorizes VTrans to proceed with a survey unrelated to highway construction or modification. See *id.* § 33(b). Additionally, the numerous, specific condemnation provisions set forth in chapter 5 do not relate back or refer to the survey procedures of § 33; VTrans is instead required to comply with the survey procedures of 19 V.S.A. §§ 503-506 when attempting to obtain rights in privately owned land. See, e.g., *id.* § 506(a) ("for the purposes of this section, 'survey' means a plan, profile or cross-section of the proposed project"). Accordingly, we must presume that the Legislature intended the statutory provisions of chapter 5 to control in condemnation proceedings. See *Paquette v. Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985) (when meaning of statute is plain on its face, statute must be enforced according to its terms). Since there is no express link between the survey provisions of 19 V.S.A. § 33 and the requirements for filing a necessity petition set forth in 19 V.S.A. § 504, we will not adopt Landowners' proposed statutory interpretation.

¶ 10. Furthermore, Landowners' proposed statutory interpretation would replace the specific compensation provisions adopted by the Legislature for condemnation proceedings with those found in 19 V.S.A. §§ 33-34, thus making aspects of chapter 5 superfluous. We presume that legislative language is inserted advisedly and not intended to create surplusage. *Payea v. Howard Bank*, 164 Vt. 106, 107, 663 A.2d 937, 938 (1995). Therefore, we decline to construe Title 19 in this manner.

¶ 11. Accordingly, Landowners' claims on appeal fail, and the superior court's order granting VTrans's necessity petition must stand. VTrans was not required to follow the survey procedures of 19 V.S.A. § 33 before filing its necessity petition for condemnation, and the superior court did not err by granting that necessity petition. A finding of necessity for condemnation is a question of fact determined exclusively by the trial court. *Cersosimo v. Town of Townshend*, 139 Vt. 594, 597, 431 A.2d 496, 498 (1981). We must accept the superior court's findings on necessity if they are supported "by any competent evidence," and we will uphold the court's decision absent an abuse of discretion. *Rossetti v. Chittenden County Transp. Auth.*, 165 Vt. 61, 67, 674 A.2d 1284, 1288 (1996). We find no abuse of discretion, and the court's order granting VTrans's necessity petition is fairly and reasonably supported by legitimate evidence. See *State Highway Bd. v. Hazen*, 126 Vt. 46, 51, 221 A.2d 579, 583 (1966). Therefore, the order granting the necessity petition must be affirmed.

*Affirmed.*