STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 123-10-16 Vtec

---

### Champlain Parkway Wetland CU Determination

## ENTRY REGARDING MOTION

Count 1, ANR Wetland CUD Time Extension Request (123-10-16 Vtec)

Title:          Motion to Alter or Amend 4/14/2017 Court Decision (Motion 6)

Filer:          Fortieth Burlington, LLC

Attorney:       Judith L. Dillon

Filed Date:     April 28, 2017

Response in Opposition filed on 05/22/2017 by Attorney Brian S. Dunkiel for
    Interested Person City of Burlington

Reply, with Request for Hearing, filed on 06/13/2017 by Attorney Judith L. Dillon for
    Appellant Fortieth Burlington, LLC

Response in Opposition filed on 06/21/2017 by Attorney Hannah W. Smith for
    the Vermont Agency of Natural Resources

**The motion is DENIED.**

This matter concerns Conditional Use Determination # 2010-125 ("the 2011 CUD"), issued on January 14, 2011, by the Vermont Agency of Natural Resources ("ANR"). The 2011 CUD deals with impacts to a Class II wetland and buffer zone along Englesby Brook that may be caused by the construction of highway improvements commonly referred to as the Champlain Parkway. That general highway improvement project first received a state land use permit in 1981. Most recently, an amendment to its Act 250 permit for a revised project was affirmed by our Supreme Court in 2015. See In re Champlain Parkway Act 250 Permit, 2015 VT 105.

The present appeal was filed by Fortieth Burlington, LLC ("Fortieth") from a September 8, 2016 ANR decision to grant the City of Burlington's ("the City") request for an extension of time in which to complete the work described in the 2011 CUD.

On April 14, 2017, this Court issued a decision dismissing all but Question 7 from Fortieth's Statement of Questions. Fortieth then filed a motion to alter or amend the Court's April 14, 2017 decision. By Entry Order filed on August 8, 2017, this Court denied Fortieth's request that its Questions 3 and 4 be reinstated, and left Fortieth's remaining requests—that its Questions 5 and 6 also be reinstated—for determination after the Court held a hearing on Fortieth's remaining

requests. That hearing was held on September 11, 2017. We therefore turn to Fortieth's remaining requests for reinstatement of its Questions 5 and 6.

Fortieth moves to alter or amend the dismissal pursuant to V.R.C.P. 59(e). Because the April 14, 2017 Decision did not render final judgement, it is an interlocutory order. Therefore, the present motion is not strictly a Rule 59(e) motion. Even so, this Court has treated such motions to reconsider similarly to motions to alter or amend a final judgment pursuant to Rule 59(e). See Old Lantern Nonconforming Use Appeal, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 13, 2017) (Durkin, J.).

The Court has four basic grounds to grant a motion to reconsider: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Id. (citations omitted). A disagreement between the Court and the moving party is not evidence of a "manifest error of law" or "manifest injustice." In re Boutin PRD Amendment, No. 93-4-06- Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.) (citations omitted).

Fortieth has not presented any newly discovered or previously unavailable evidence, nor has it presented any intervening change in the applicable law. Fortieth argues in its motion that the Court failed to accept as true all factual assertions and inferences raised in its Statement of Questions for purposes of the dismissal motion. Fortieth's assertion here seems to be premised upon the precedent of Fellis v. Downs Rachlin Martin PLLC, 2015 VT 129, ¶ 14, 200 Vt. 465 (citations omitted). We disagree with Fortieth's assessment; the Court made the necessary deference in Fortieth's favor concerning all material facts that are relevant to the pending extension request and determined no facts against Fortieth. It appears that Fortieth disagrees with the Court's determinations of what facts are made material to this appeal, given the nature of the legal issues presented in the City's time extension request. In reviewing our April 14, 2017 Decision, the Court concludes there was no manifest error of law or fact or likelihood of a manifest injustice in the original decision.

Fortieth argues that the Court did not properly interpret the CUD language in its April 14, 2017 Decision. We believe Fortieth's assessment in this regard is in error. We are directed to construe permit conditions according to the established rules governing statutory construction. Agency of Nat. Res. v. Weston, 2003 VT 58, ¶ 16, 175 Vt. 573. Statutory interpretation is a question of law. In re South Burlington-Shelburne Highway Project, 174 Vt. 604, 605 (2002). By this precedent, the Court is directed to interpret the challenged language by first determining the plain meaning of the words used by the drafters; this is how we can best arrive at the drafters' original intent. Weston, 2003 VT 58, ¶ 16. If the meaning is plain, we go no further. In re Weeks, 167 Vt. 551, 554 (1998). As the permit conditions are clear on their face, the Court made no factual findings against Fortieth as we were not required to consider anything other than the plain meaning of the CUD. In fact, in rendering a determination on a pre-trial motion, it is improper for a trial court to render any factual findings; rather, we are called upon to only view the relevant factual representations in a light most favorable to the non-moving party. Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, *citing* Fritzeen v. Trudell Consulting Engineers, Inc., 170 Vt. 632, 633 (2000) (mem.). We followed such a procedure in our April 14, 2017 Decision.

The Court dismissed Question 6 because it impermissibly sought to challenge the 2011 CUD, made final by the lack of a timely appeal. Fortieth argues in its motion that Question 6 implicates 2011 CUD Condition E via Condition D, as Question 6 addresses potential changes in project impacts. Specifically, Fortieth argues the plain language of the 2011 CUD conditions required the City to conduct a reevaluation of the project's impacts to designated wetlands prior to applying for an extension of the construction deadline, and to then evaluate possible changes in project impacts.

We disagree. The interpretation of permit terms is a question of law, not a question of fact; this is a purely legal analysis. We dismissed Question 6 in the April 14, 2017 Decision based on the doctrine of finality which is a matter of law, not fact.

The Court dismissed Question 5 in part because it raised an issue addressed by a condition included in the 2011 CUD that is not properly before the Court in this challenge to the deadline extension request. Fortieth's argument is again that the Court misinterpreted the plain meaning of the 2011 CUD in failing to conclude that the Condition A applies to a time extension request. This is again a legal argument, not a factual assertion that the Court is required to accept as true.

Fortieth also argues that Court should not have dismissed Question 5 because the City did not ask it to do so until its Reply Memorandum. However, the Court gave Fortieth a fair opportunity to oppose dismissal in its Sur-Reply. Fortieth did not lack a fair opportunity to oppose dismissal. Furthermore, Fortieth has taken the additional opportunity, in the present motion, to raise additional arguments as to why Question 5 should not be dismissed.

Having revisited the legal analysis in our April 14, 2017, Decision concerning the issues raised in Fortieth's Questions 5 and 6, we remain convinced of the propriety of our legal interpretation of Conditions A, D, and E in the 2011 CUD. We therefore decline to revise our prior legal determinations.

For all these reasons, we conclude that Fortieth's motion to alter or amend the April 14, 2017 decision must be **DENIED**.

**So ordered.**

Electronically signed on October 10, 2017 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge

Notifications:

Judith L. Dillon (ERN 5040), Attorney for Appellant Fortieth Burlington, LLC

Randy Joe Miller (ERN 7037), and Hannah W. Smith (ERN 6759), Attorneys for the Vermont Agency of Natural Resources

Brian S. Dunkiel (ERN 4594), and Jonathan T. Rose (ERN 2170), Attorneys for the City of Burlington