NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 73

No. 2019-423

| | |
|---|---|
| Agency of Transportation | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Timberlake Associates et al. | May Term, 2020 |
| (R.L. Vallee, Inc., Appellant) | |

Helen M. Toor, J.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Jenny E. Ronis, Assistant Attorney
  General, Barre, for Plaintiff-Appellee.

Alexander J. LaRosa of MSK Attorneys, Burlington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1. **REIBER, C.J.** R.L. Vallee, Inc. appeals the superior court's denial of its motion to intervene in a state condemnation action seeking property rights for a highway project. Vallee argues that (1) it has a right to intervene under Vermont Rule of Civil Procedure 24(a)(1) because Vermont's highway condemnation statute confers an unconditional right to intervene; and (2) it has a right to intervene under Vermont Rule of Civil Procedure 24(a)(2) because it has an interest relating to property that is subject to the condemnation action and intervention is necessary to protect that interest. We hold that Vallee has an unconditional statutory right to intervene under Rule 24(a)(1), and accordingly, we reverse.

¶ 2.    The relevant facts are undisputed. The Vermont Agency of Transportation plans to construct improvements to U.S. Routes 2/7 in Colchester, Vermont. As part of this project, the Agency plans to perform construction on the property of nonparty Lake Champlain Transportation Company (LCT) along Lower Mountain View Drive, which intersects with Route 7. At least some of this construction will occur in a portion of LCT's property that is subject to a lease agreement between LCT and Vallee. The lease agreement provides that Vallee possesses "an easement[*] for vehicular access . . . through the connecting driveway" that runs through LCT's property between Lower Mountain View Drive and a parcel owned by Vallee. LCT retains the right, under the lease, "to use the Connecting Driveway in common with [Vallee]; and . . . grant third parties the right to use the Connecting Driveway," provided that "any use by [LCT] or any third party . . . shall not have a material adverse effect upon [Vallee's] ability to access the Vallee Property to and from Mountain View Drive." A memorandum of the lease is recorded in the Colchester Land Records.

¶ 3.    Chapter 5 of Title 19 sets forth the process the Vermont Agency of Transportation must follow when condemning property rights for a highway project. The chapter requires the Agency to first "make every reasonable effort to acquire property expeditiously by negotiation." 19 V.S.A. § 503(c). But "[i]f a property owner has not entered into an agreement stipulating to the necessity of a taking and the public purpose of a highway project, and the Agency wishes to proceed with the taking," then "the Agency shall file a verified complaint . . . seeking a judgment of condemnation." Id. § 504(a). "The complaint shall name as defendants each property owner who has not stipulated to a proposed taking . . . ." Id.

---

[*]   It is unclear whether "easement" is the correct legal term for the property interest Vallee possesses through this lease. But it is clear from the record that Vallee possesses a property interest in the connecting driveway subject to the law of condemnation. As it does not affect our analysis whether Vallee possesses an easement, a right of way, or some other kind of legal interest of record, we accept the term for the purpose of the opinion without deciding whether it is correct.

2

¶ 4.    In keeping with this process, the Agency obtained easements over LCT's property by warranty deed in April 2018 for compensation of $4,300. The deed grants the Agency the right to perform construction at certain points on LCT's property. The parties agree that these include the area subject to the lease between Vallee and LCT. In June 2019, the Agency filed a complaint to acquire necessary property rights to other parcels on or near U.S. Routes 2/7 pursuant to 19 V.S.A. § 504. Because the Agency had already reached an agreement with LCT, it did not name LCT or LCT's property in the complaint. The Agency also did not name Vallee as a defendant in the complaint.

¶ 5.    Vallee timely filed a motion to intervene in July 2019. Given that the Agency planned to perform construction work in the driveway area leased to Vallee, Vallee claimed it held an interest in property at stake in the condemnation action. Thus, it was entitled to intervene as a matter of right (1) under Rule 24(a)(1) and 19 V.S.A. § 504(a) because it was an "interested person" that had not stipulated to the proposed taking, and (2) under Rule 24(a)(2) because it claimed an interest in property that was the subject of the action, the disposition of the action might impede its ability to protect that interest, and no other party represented Vallee's interests. Vallee also argued it should be granted permissive intervention under Rule 24(b)(2).

¶ 6.    The trial court denied Vallee's motion to intervene in November 2019. The court reasoned that "property owner" and "interested person" share the same definition in 19 V.S.A. § 501(3), but they are nonetheless distinct terms and not used interchangeably in the statute. The court noted that 19 V.S.A. § 504(a) directs that "property owner[s]" must be named as defendants in the condemnation complaint, whereas § 504(b)(2) directs the Agency to mail a newspaper notice to "an interested person not otherwise served." The court concluded that § 504(a) requires the Agency to name as a defendant only a "property owner." Vallee, as a lessee, was not the owner of a property named in the complaint, and therefore it was not entitled to be named as a defendant under the statute or to intervene under Rule 24(a)(1). The court also rejected Vallee's argument

3

that it was entitled to intervene under Rule 24(a)(2). The court explained that Vallee could not claim an interest in the subject of the complaint because it lacked a legal interest in any of the parcels listed in the complaint, and Vallee had failed to show how the condemnation of those properties would affect its interest in the property it did own or its ability to enforce its contractual rights with LCT. Finally, the court denied Vallee's request for permissive intervention, construing Vallee's argument as a breach-of-lease claim against LCT that was separate from the condemnation action. Vallee timely appealed.

¶ 7. On appeal, Vallee claims it is entitled to intervene under Rule 24(a)(1) because 19 V.S.A. § 504(a) requires the Agency to name as a defendant in the condemnation complaint any "person who has a legal interest of record in the property taken or proposed to be taken," 19 V.S.A. § 501(3), which includes Vallee. Vallee also reasserts its argument under Rule 24(a)(2). Additionally, it contends that LCT's agreement with the Agency cannot relieve the Agency of its obligation to name Vallee as a defendant in the condemnation action.

¶ 8. The Agency responds that 19 V.S.A. § 504(a) only grants "property owners" a right to intervene, and Vallee is a lessee, not a property owner. Therefore, Vallee has no right to intervene under Rule 24(a)(1). The Agency also argues that Vallee has no interest relating to the subject of the action and its intervention is unnecessary to protect its interests, and therefore Vallee is not entitled to intervene under Rule 24(a)(2). Finally, the Agency asserts that any interest held by Vallee in the leased property is a contractual matter to be resolved between Vallee and LCT.

¶ 9. This Court "review[s] the denial of a motion to intervene as of right de novo." State v. Quiros, 2019 VT 68, ¶ 14, __ Vt. __, 220 A.3d 1241. We also review questions of statutory interpretation de novo. See In re South Burlington-Shelburne Highway Project, 174 Vt. 604, 605, 817 A.2d 49, 51 (2002) (mem.) ("Statutory interpretation is a question of law; thus our review is nondeferential and plenary.").

¶ 10. We first address Vallee's argument that it has a right to intervene by statute. Under Rule 24(a)(1), any person who has made a timely motion to intervene "shall be permitted" to do so "when a statute confers an unconditional right to intervene." Vallee bases its claim to intervention on 19 V.S.A. § 504(a), which states in relevant part:

> If a <u>property owner</u> has not entered into an agreement stipulating to the necessity of a taking and the public purpose of a highway project, and the Agency wishes to proceed with the taking, the Agency shall file a verified complaint in the Civil Division of the Superior Court in a county where the project is located seeking a judgment of condemnation. The complaint shall name as defendants <u>each property owner who has not stipulated</u> to a proposed taking . . . .

(Emphases added.) Thus, we must determine if Vallee, through its lease with LCT, is a "property owner" that must be named as a defendant under § 504(a).

¶ 11. When interpreting statutes, our primary objective is to effectuate the Legislature's intent. <u>South Burlington-Shelburne</u>, 174 Vt. at 605, 817 A.2d at 51. We start by looking at the language in the statute itself. <u>Id</u>. "If the statute is unambiguous and the words have plain meaning, we accept that plain meaning as the intent of the Legislature and our inquiry proceeds no further." <u>Springfield Terminal Ry. Co. v. Agency of Transp.</u>, 174 Vt. 341, 346, 816 A.2d 448, 453 (2002). "The words of a statute are not to be read in isolation, however, but rather in the context and structure of the statute as a whole." <u>In re Vt. Verde Antique Int'l, Inc.</u>, 174 Vt. 208, 211-12, 811 A.2d 181, 184 (2002); see also <u>TD Banknorth, N.A. v. Dep't of Taxes</u>, 2008 VT 120, ¶ 15, 185 Vt. 45, 967 A.2d 1148 (stating that "this Court will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole" (quotation omitted)).

¶ 12. "Property owner" is defined in 19 V.S.A. § 501(3), which states: " 'Interested person' or 'person interested in lands' or 'property owner' means a person who has a legal interest of record in the property taken or proposed to be taken." See also <u>State v. Baron</u>, 2004 VT 20, ¶ 9, 176 Vt. 314, 848 A.2d 275 ("When a statute internally defines a term, we must use that definition . . . ."). By its plain language, § 501(3) defines the terms "interested person" and

5

"property owner" interchangeably. They both mean the same thing: one with "a legal interest of record in the property taken or proposed to be taken." 19 V.S.A. § 501(3).

¶ 13. The terms are defined interchangeably in § 501(3) and then used interchangeably in other sections of Chapter 5. Section 504(a) only requires the Agency to name "property owner[s]" as defendants, but § 504(c) directs that "[i]f an interested person does not file a timely answer, . . . the [c]ourt may enter a judgment of condemnation by default." Id. § 504(a), (c). A person that is not a party to the litigation cannot be required to file an answer or incur a default judgment for failing to do so. Cf. V.R.C.P. 8(a)-(b) (directing that in response to "[a] pleading which sets forth a claim for relief," "[a] party shall state . . . the party's defenses to each claim asserted" (emphases added)); V.R.C.P. 55(a) ("When a party against whom a judgement for affirmative relief is sought . . . has failed to plead or otherwise defend, the party seeking the affirmative relief may file a motion for a default judgment." (emphases added)); Trapeni v. Walker, 120 Vt. 510, 516, 144 A.2d 831, 834 (1958) (explaining that "[t]he judgment is conclusive only between parties and privies"). Subsections 504(a) and 504(c) do not make sense unless the "interested person" in § 504(c) that is required to file an answer, or else be subject to a default judgment, is identical to the "property owner" named as a defendant in § 504(a). See Dep't of Taxes v. Montani, 2018 VT 21, ¶ 24, 207 Vt. 1, 184 A.3d 723 ("We will avoid constructions that produce absurd or illogical consequences." (quotation omitted)).

¶ 14. Section 503 also supports our conclusion that "property owner" and "interested person" are interchangeable terms in the condemnation chapter. Subsection 503(d) directs that the Agency must give "notice of procedures and rights and the offer of just compensation" to "owners of property to be acquired." 19 V.S.A. § 503(d). The notice has to include several pieces of information, including that "[i]f the Agency and the property owner are unable to reach agreement on the Agency's legal right to take the property, the Agency may file a complaint . . . to determine this issue." Id. § 503(d)(4). Then § 503(e) sets forth requirements regarding takings agreements,

this time using the term "interested person": "An interested person may enter into an agreement with the Agency stipulating to the necessity of the taking . . . ." Id. § 503(e)(1). Subsections 503(d)(4) and 503(e) avoid conflict if "property owner" and "interested person" are interchangeable. Additionally, understanding the terms this way harmonizes § 503(e), which says that an "interested person" may stipulate to a taking, with § 504(a), which directs how the Agency may bring a condemnation complaint against any "property owner" who has not so stipulated.

¶ 15. The notice provisions in § 504, on which the trial court relied, do not change our conclusion. Subsection 504(b)(1) provides that the Agency shall serve the complaint and summons as directed in the Vermont Rules of Civil Procedure. See V.R.C.P. 4 (stating that complaint and summons shall be served on defendant personally, by mail, or by publication, in accordance with rule). Subsection 504(b)(2) states that the Agency shall publish a newspaper notice of the complaint and "shall mail a copy of the newspaper notice to the last known address of an interested person not otherwise served." 19 V.S.A. § 504(b)(2). Given § 504(c) and the definition in § 501(3), § 504(b)(2) is best understood as directing what to do when a person named as a defendant—who is anyone with a legal interest in the property that has not stipulated to the necessity of the taking—cannot be served as directed in § 504(b)(1). The subsection does not create different notice requirements for "property owners" and "interested persons" or otherwise distinguish between the two terms.

¶ 16. Given the definition in § 501(3), and the interchangeable use of the terms "property owner" and "interested person" in chapter 5 of Title 19, we hold that § 504(a) requires the Agency to name as a defendant in a condemnation action any "person who has a legal interest of record in the property taken or proposed to be taken" that has not stipulated to the taking.

¶ 17. This requirement in § 504(a) applies to Vallee. First, Vallee has a legal interest of record in the driveway access area on LCT's property. This right is established by Vallee's lease with LCT, and a memorandum of the lease is recorded in the Colchester Land Records. Second,

7

the Agency proposes to temporarily occupy property described in this lease in order to perform construction, which is a taking. See Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 30, 181 Vt. 309, 917 A.2d 508 ("[A] leasehold is an interest in property subject to analysis under the takings clause. Moreover, the loss need not be permanent; a temporary taking of property can be compensable." (citation omitted)); Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 535 U.S. 302, 322 (2002) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof. Thus, compensation is mandated when a leasehold is taken and the government occupies the property for its own purposes, even though that use is temporary." (citation omitted)). Third, Vallee did not stipulate to this taking. Therefore, Vallee is a "person who has a legal interest of record in the property taken or proposed to be taken," 19 V.S.A. § 501(3), that has not stipulated to the taking.

¶ 18. As such, Vallee was entitled to be named as a defendant in the Agency's condemnation action pursuant to § 504(a), and it has an unconditional statutory right to intervene under Rule 24(a)(1). As we resolve the appeal on this basis, we need not reach the other arguments raised by the parties.

Reversed.

FOR THE COURT:

_____

Chief Justice

8